UNITED STATES, Appellant

v.

ROGER JAMES FRISBEE, Seaman Apprentice,
U. S. Navy, Appellee

2 USCMA 293, 8 CMR 93

No. 1182

Decided March 9 1953

CAPT. Wesley C. Blake, USMC, for Appellant.
CDR. Raymond van Wolkenten, USN, for Appellee.

GEORGE W. LATIMER, Judge:

Accused was originally tried on April 1, 1952, by a special court-martial upon two charges, the first involving two specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680, and the second involving failure to obey a lawful order in violation of Article 92 of the Code, 50 USC. § 686. He pleaded guilty to all charges and specifications and was found guilty as charged. After considering evidence of two previous convictions the court-martial sentenced him to a bad-conduct discharge and forfeiture of all pay and allowances. The convening authority approved the findings but reduced the sentence to a bad-conduct discharge and forfeiture of $55.00 per month for three months. Thereafter, upon advice of the staff legal officer that the evidence of the previous convictions was erroneously received because finality was not shown thereon, the officer exercising general court-martial jurisdiction disapproved the sentence and ordered a rehearing. The record was returned to the convening authority who likewise disapproved the findings and sentence and ordered the case reheard.

The second trial was held before another special court-martial on April 30, 1952. The accused again pleaded guilty to the charges, was again found guilty, and sentenced to a bad-conduct discharge and forfeiture of $55.00 per month for three months. No objection was interposed by the accused to any portion of the proceedings. The convening authority, and the officer exer- cising general court-martial jurisdiction, approved the findings and sentence.

The board of review in the office of The Judge Advocate General, United States Navy, held that the officer exercising general court-martial jurisdiction was without power to order a rehearing, although he could disapprove the sentence; that his disapproval of the sentence nullified it as a basis for punishment; and that the only further action available to him was to return the record to the convening authority and direct that the accused be released from arrest and restored to duty. The board of review further held that the officer who exercised general court-martial jurisdiction, when he disap- proved the sentence in the first trial completed the review of that case, and under Article 44, Uniform Code of Mili- tary Justice, 50 USC § 619, the subse- quent trial constituted double jeopardy.

The Judge Advocate General has cer- tified to us for answer the following question:

"In his action upon the record of trial pursuant to Article 65(b), Uniform Code of Mili- tary Justice, does the officer exercis- ing general court-martial jurisdiction have authority to disapprove the sentence and order a rehearing,"

In United States v. Watkins (No. 834), 8 CMR 87, decided this date, we discussed the delegation of certain pow- ers to the officer exercising general court-martial jurisdiction, and held that when required to review a special court-martial case involving a bad-con- duct discharge, his power to act was the same as that of a convening author- ity in a general court-martial case. It appears to us that in failing to appreci- ate that this was a special court-martial case involving the imposition of a bad- conduct discharge, and in failing to recognize a delegation of power to the officer exercising general court-martial jurisdiction, the board of review. erro- neously concluded that the Code spe- cifically granted the right to grant a rehearing only to convening authori- ties, boards of review and this Court. To clear up any doubt, we again set out the pertinent portions of the Code and Manual and give our interpretation of their meaning and effect.

The Code provision setting out the power of the officer exercising general court-martial jurisdiction to review the record of a conviction by a special court-martial is Article 65(b), Uniform Code of Military Justice, 50 USC § 652, which provides:

"Where the sentence of a special

court-martial as approved by the convening authority includes a bad conduct discharge, whether or not suspended, the record shall be forwarded to the officer exercising general court-martial jurisdiction over the command to be *reviewed in the same manner as a record of trial by general court-martial* or directly to the appropriate Judge Advocate General to be reviewed by a board of review. If the sentence as approved by an officer exercising general court-martial jurisdiction includes a bad-conduct discharge, whether or not suspended, the record shall be forwarded to the appropriate Judge Advocate General to be reviewed by a board of review." [Emphasis supplied]

Paragraph 94a(3), Manual for Courts-Martial, United States, 1951, amplifies the Code, since it includes an authorization to "act upon" the record "in the same manner as a record of trial by a general court-martial." That the Department of the Navy has adopted the same broad construction of the statutory provision is illustrated by the following provision from the Naval Supplement to the Manual (paragraph 0107b, page 8):

"In the case of a special court-martial where the sentence includes a bad conduct discharge, see Par. 94a (3), MCM. Even though the officer exercising general court-martial jurisdiction has no law specialist assigned to his staff, he may, after referring the record to his legal officer for review and advice (Par. 85, MCM), *act upon the record in the same manner as a record of trial by a general court-martial.* . . ." [Emphasis supplied]

Thus, if an officer exercising general court-martial jurisdiction in acting upon a record of trial in a case tried before a general court-martial can grant a rehearing, then he can in a case tried by a special court-martial when the sentence includes a bad-conduct discharge.

Normally, when an officer exercising general court-martial jurisdiction reviews a record of a general court-martial he does so in his capacity of convening authority. Under Article 63

(a), Uniform Code of Military Justice, 50 USC § 650, those authorities are empowered to order rehearings where the circumstances justify such action. That provision is as follows:

"If the convening authority disapproves the findings and sentence of a court-martial he may, except where there is lack of sufficient evidence in the record to support the findings, order a rehearing, in which case he shall state the reasons for disapproval. If he disapproves the findings and sentence and does not order a rehearing, he shall dismiss the charges."

This Code provision is implemented by paragraph 92 of the Manual, which states in part as follows:

"If the convening authority disapproves the findings of guilty and the sentence of a court-martial he may, except where there is lack of sufficient evidence in the record to support the findings, order a rehearing, in which case he shall state the reasons for disapproval (Art. 63a). A rehearing may not be ordered in a case in which there is a lack of evidence in the record to support a finding of guilty of the offense charged or of an offense necessarily included in that charged; but if proof of guilt consisted of inadmissible evidence, for which there is available an admissible substitute, a rehearing may properly be ordered. . . . . *If a sentence is. disapproved because of any procedural error prejudicial to the substantial rights of the accused, a rehearing may properly be ordered, subject to the foregoing restrictions.* . . ." [Emphasis supplied]

Clearly, the above provisions support the action of the officer exercising general court-martial jurisdiction in the present case. There can be no contention that, due to a lack of sufficient evidence to support the findings, the rehearing was not permissible. The accused pleaded guilty to the offenses charged, and hence, we may assume the existence of every material fact alleged. Moreover, since the original sentence was based upon inadmissible evidence (incomplete exhibits of previous con-

victions), there was an admissible substitute therefor as at the second trial the two previous convictions were properly proven.

In view of the reasoning used by the board of review in arriving at its decision, we believe it advisable ■ ble to refer to one other provision of the Manual and one other Article of the Code. Article 65(c) of the Code, supra, provides as follows:

"All other special and summary court-martial records shall be reviewed by a judge advocate of the Army or Air Force, a law specialist of the Navy, or a law specialist or lawyer of the Coast Guard or Treasury Department and shall be transmitted and disposed of as the Secretary of the Department may prescribe by regulations."

Paragraph 94a(2) in so far as here involved is as follows:

". . . . The officer having supervisory authority may, in the interest of justice, set aside in whole or in part findings of guilty and the sentence, and thereupon restore any rights, privileges, and property affected by that part of the sentence set aside; he may mitigate or suspend any part or amount of the unexecuted portion of the sentence.

"The officer having supervisory authority may bring any fatal error to the attention of the convening authority or his successor. If warranted by the circumstances, he may advise the convening authority that he has the power to withdraw his previous action, disapprove the findings of guilty and the sentence, and either direct a rehearing or dismiss the charges pursuant to Article 63. See 92 . . . .

. . . . . . . .

"When, upon review pursuant to this paragraph, the proceedings, findings, and sentence as approved by the convening authority have been found correct in law and fact, the proceedings shall be final in the sense of Articles 44 and 76."

First, we direct attention to the fact that the section and paragraph are dealing with the review of records which do not involve sentences adjudging bad-conduct discharges. Viewed in that light, they would be inapplicable. However, assuming they were involved, we believe the board of review interpreted them too narrowly. Conceding that neither mentions the power to grant a rehearing, the Manual authorizes the officer having supervisory authority the authority to set aside in whole or in part the findings of guilty and the sentence. Implicit in this grant is the power to direct a rehearing. To hold otherwise would limit the supervisory authority to approving (which would make the conviction final), setting aside (which would be a dismissal), or advising the convening authority of the powers given him by the Act. Clearly, if a reviewing authority is authorized to set aside a finding and sentence to benefit the accused, he should not be placed in a legal straight jacket which prohibits him from conditioning the benefits upon a retrial. For all practical purposes he is the last reviewing agency with authority to grant a new trial for errors of law, and liberality towards the accused should not be discouraged.

We have not overlooked the argument that he may advise the convening authority of the latter's power to grant a rehearing. The language used in that portion of the paragraph is permissive and not exclusive. Even were we to assume otherwise, we would be faced with a proposition of a supervisory authority issuing an order which was too sweeping. He did not dismiss; he ordered a rehearing. If we disregard that as being an unauthorized act, the conviction was set aside, the charge was in existence and the convening authority gave it life and substance by also ordering a rehearing.

For the foregoing reasons the question certified by The Judge Advocate General is answered in the affirmative. The decision of the board of review is reversed and the case returned for action consistent with the views expressed herein.

Chief Judge QUINN concurs.

**296**

BROSMAN, Judge (concurring in the result):

I concur. However, I observe that in its terminal portion the majority opinion expresses views concerning the power of a supervisory authority to order a rehearing in a special or summary court-martial case not involving a bad-conduct discharge, and forwarded to him pursuant to the provisions of Article 65(c) of the Code, 50 USC § 652, and paragraph 94a(2) of the Manual for Courts-Martial, United States, 1951. I would prefer to dissociate myself from this part of the opinion. Certainly I believe that this Court should seek in every proper way to be helpful to the Armed Services and particularly to tribunals below us in the military judicial hierarchy—and, within limits, this may include the setting of guide-posts. Likewise, I am not at all sure that the majority opinion is wrong in its dictum here. However, as a matter of principle, I doubt the wisdom of determining questions of importance which have not yet reached us —and doing so, perforce, without the benefit of briefs and argument of counsel. I am very much afraid that if we engage in much of this kind of thing— however worthy our immediate motives —some of our ex parte action will rise to haunt us in the future.