UNITED STATES, Appellant and Cross-Appellee

v.

THURMAN FREEMAN, Seaman, U. S. Navy, Appellee and Cross-Appellant

3 USCMA 71, 11 CMR 71

CAPT Wesley C. Blake, USMC, for Appellant and Cross-Appellee.
CDR Raymond van Wolkenten, USN, for Appellee and Cross-Appellant.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The question certified by The Judge Advocate General in this case is the same as that disposed of by us in United States v. Frisbee (No. 1182), 2 USCMA 293, 8 CMR 93, decided March 9, 1953, and United States v. Wyatt (No. 1140), 2 USCMA —, 10 CMR —, decided June 24, 1953, and the pertinent facts are similar to those presented in those cases.

The accused was originally tried by special court-martial upon two charges involving violations of Articles 134 and 90, Uniform Code of Military Justice, 50 USC §§ 728 and 684. He was found guilty and sentenced to be reduced in grade, to receive a bad-conduct discharge, and to be confined at hard labor for two months. The convening authority approved the findings and sentence with minor modifications as to the latter; but the supervisory authority concluded that certain evidence had been erroneously received, disapproved the findings and the sentence and ordered a rehearing.

At the second trial the accused was found not guilty of the charge under Article 134, but guilty of the violation of Article 90. He was sentenced to be reduced in grade and to receive a bad-conduct discharge. The findings and sentence were approved by the convening and supervisory authorities but the latter suspended execution of the bad-conduct discharge until completion of appellate review. The board of review in the office of The Judge Advocate General reversed the findings and dismissed the remaining charge holding that after his disapproval of the record of the original trial the supervisory authority had no power to order a rehearing of the charges.

The certified question is as follows:

"In his action upon the record of trial pursuant to Article 65(b), Uniform Code of Military Justice, does the officer exercising general court-martial jurisdiction have authority to disapprove the sentence and order a rehearing?"

This same question was disposed of in the Frisbee and Wyatt cases, supra. In the former case we cited the applicable provisions of the Code and the Manual for Courts-Martial, United States, 1951, and concluded that they empowered the supervisory authority to order a rehearing. That ruling was followed in Wyatt, supra, and is controlling in the instant case.

Accordingly, the question certified is answered in the affirmative, the decision of the board of review is reversed, and the case is remanded to The Judge Advocate General of the Navy for action consistent herewith.

Chief Judge QUINN and Judge BROSMAN concur.