UNITED STATES, Appellee

v.

WARREN LAWRENCE WAPPLER, Private,
U. S. Marine Corps, Appellant

2 USCMA 393, 9 CMR 23

No. 1457

Decided April 15, 1953

CDR Raymond W. Glasgow, USN, for Appellant.
CDR E. L. McDonald, USN, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

On his plea of guilty, the accused, Wappler, was convicted by special court-martial convened at Camp Pendleton, California, of absence without leave and of missing a movement of his unit through neglect—violations, respectively, of the Uniform Code of Military Justice, Articles 86 and 87, 50 USC §§ 680, 681. He was sentenced to confinement at hard labor for 60 days; to solitary confinement on bread and water, with a full ration every third day, for 30 days; to forfeiture of fifty dollars ($50.00) per month for three months; and to receive a bad-conduct discharge. The convening authority approved the sentence, but suspended the punitive discharge for the period of confinement and for six months thereafter—at which time it was to be remitted. This action was in turn approved by the supervisory authority. A board of review in the office of The Judge Advocate General, United States Navy, with one member dissenting, held that confinement on bread and water may not be imposed lawfully where a punitive discharge is also adjudged. Accordingly, it set aside the bad-conduct discharge, but approved the remainder of the sentence. The dissenting member felt that the court-martial in this case was—apart from the punitive discharge aspect of the matter—without power to impose confinement on bread and water. The Judge Advocate General, United States Navy, thereupon certified to this Court three questions:

"(1) May a naval court-martial legally adjudge confinement on bread and water or diminished rations where such court has also adjudged a punitive discharge?

"(2) May a naval court-martial legally adjudge confinement on bread and water or diminished rations where the accused is a person not attached to or embarked in a vessel?

"(3) May a naval court-martial legally adjudge confinement on bread and water or diminished rations for a period in excess of three consecutive days?"

## II

These questions require that we consider the matter of confinement on bread and water in most of its possible aspects. At the outset we must take note of Articles 18, 19, and 20 of the Code, supra, 50 USC §§ 578, 579, 580, each of which provides that a court-martial "may, under such limitations as the President may prescribe, adjudge *any punishment not forbidden by this code*"—with certain exceptions spelled out for application to special and summary courts-martial. (Emphasis supplied). Our inquiry must, then, be whether bread and water confinement is forbidden by the Code in any particular, and, if so, to what extent. First, we observe that it is mentioned once only in the Code, supra—in Article 15 (a) (2) (F), 50 USC § 571. There its imposition is authorized as a non-judicial punishment · by commanding officers, and is limited to "a person attached to or embarked in a vessel," and to "a period not to exceed three consecutive days." However, paragraph 125, Manual for Courts-Martial, United States, 1951, after forbidding sentences to confinement on bread and water for Army or Air Force personnel—except, apparently, as non-judicial punishment imposable under Article 15 of the Code, supra—goes on to provide specifically that Navy, Marine, and Coast Guard

courts-martial may impose confinement on bread and water for periods not in excess of 30 days, with the restriction that "no accused shall be deprived of a full ration for a period longer than three consecutive days." Other limitations not here pertinent are also stated there. If this provision of the Manual is not in conflict with the Code, the sentence of the court-martial in this case to confinement on bread and water was not an unlawful one. If, however, there is conflict with the Code, the latter, of course, controls and we must hold that the court below erred. United States v. Clark (No. 190), 2 CMR 107, decided February 29, 1952.

It is significant that under Articles 30 and 35, Articles for the Government of the Navy, 34 USC § 1200, and Section 447, Naval Courts and Boards, 1937, Navy summary and general courts-martial were free to impose confinement on bread and water, with a full ration every third or fifth day, for a period up to thirty days. However, as we have observed earlier, the Code, except under the carefully delineated circumstances specified in Article 15, makes no direct mention of confinement on bread and water as punishment of any sort. In addition, it expressly prohibits "Punishment by flogging, or by branding, marking, or tattooing on the body, *or any other cruel or unusual punishment*." Uniform Code, supra, Article 55, 50 USC § 636. (Emphasis supplied). For many years, confinement on bread and water has been permitted expressly by the Articles for the Government of the Navy, cited supra, but it has long been prohibited by the Army, and has not been regarded as punishment acceptable in the Air Force during the relatively short span of that service's separate existence. In its initial form, Article 15 of the bill, which proposed a Uniform Code of Military Justice, provided for a non-judicial punishment consisting of confinement on bread and water for five days, without distinction between personnel ashore and those at sea. Index and Legislative History, Uniform Code of Military Justice, HH 570. Witnesses before the appropriate House subcommittee characterized such punishment as "cruel and barbaric," and properly "in the same category as the floggings, brandings, and tattooings which are specifically prohibited by article 55." It was further branded as "a barbarous relic of earlier days." Id., HH 643, 649. In response to this opposition, yet taking account of the reasonable argument of the Navy to the effect that confinement on bread and water was one of the few effective punishments available for imposition aboard ship, the House amended the bill to permit non-judicial punishment of this character for no more than *five* days, applicable only to persons "attached to or embarked in a vessel"—thereby excluding such punishment as to shore-based personnel. Id., CR 3. The House *refused* to raise the applicable time limit to seven days. Ibid. When the bill reached the Senate, that body approved the restriction imposed by the House, which limited bread and water confinement to those "attached to or embarked in a vessel," and thereafter went on to reduce the maximum period for which such punishment might be imposed from five days to *three*—on the ground that even the five-day limitation was "excessive." Id., CR 4. At a hearing before a Senate subcommittee, confinement on bread and water received specific attention. Senator Kefauver is reported to have said, "I do not like this bread and water." Id., SH 326. Professor E. M. Morgan, Jr., chairman of the committee which drafted the bill replied, "[We] landlubbers said it was cruel and unusual punishment, and it ought to be taken away." To this Senator Kefauver responded: "Well, it is something you ought to be able to scream about." Id., SH 327.

Of course, in a technical sense, the preceding material relates only to non-judicial punishment under Article 15. However, the Congressional concern over bread and water confinement was not at all directed against the *source* of the action, but rather was aimed at the very *nature* of the punishment itself. We would think it anomalous indeed if Congress, after expressing the gravest doubt in the matter, when considered in connection with Article 15, were to be deemed to have given free

**395**

rein to the Chief Executive to authorize Navy courts-martial to impose bread and water confinement within its grant of power to him to establish the maximum limits of sentence. Uniform Code, supra, Article 56, 50 USC § 637. We cannot and do not believe that this was the Congressional intent. However, the question remains whether Congress has manifested a contrary intent in the Code—for that body must not be taken to legislate by inference. See Articles 18, 19, and 20 of the Code, supra. We conceive this contrary intent to be evident in the language of Article 55 of the Code, prohibiting "cruel and unusual" punishments. Although we do not believe that the proscription against punishments of this nature contained in the Constitution's Eighth Amendment—if applicable—would bar the punishment adjudged here, it is to be noted that the Amendment does not necessarily define the limits of "cruel and unusual," as used by Congress in Article 55. Use of the phrase by Congress, therefore, raises a problem of *legislative* rather than constitutional construction. Certainly Congress intended to confer as much protection as that afforded by the Eighth Amendment. Additionally—at least to the extent of including the punishment involved here—we believe it intended to grant protection covering even wider limits. Accordingly, we think Article 55 quite broad enough to bar confinement on bread and water, except to the extent permitted by Article 15, and —subject to the latter qualification— outside the grant of authority of Article 56.

There is—as we see it—no inherent and irreconcilable conflict between Article 55, as we have interpreted it, on the one hand, and Article 15, on the other. Whether certain punishments are of such a nature as to be barred by Article 55 must, in many instances, become a question of degree. For example, there is nothing necessarily and basically intolerable about confinement on bread and water at sea for a single day. Yet the same punishment adjudged for execution over a period of six months would constitute a quite different matter. A dividing line certainly exists at some point between these two extremes. In Article 15, Congress sought to draw this line at three days, an eminently reasonable and sensible limit. Whether, in the last analysis, logical reason exists for the distinction between land-based personnel and those at sea in this particular, we need not decide. Congress has prohibited the punishment only in the instance of the former, and it is our duty to apply the expression of its will. It cannot be gainsaid, however, that shipboard personnel problems differ sharply, and in many particulars, from those encountered ashore. Certainly a much wider variety of minor punitive action is available in the latter situation. We have no disposition whatever to suggest that a wholly sound and justifiable basis for the differentiation effected is not present.

In the interest of clarity, a summary of our views is perhaps required. They are simply these: (1) No court-martial —Navy or otherwise—may adjudge confinement on bread and water for personnel other than those "attached to or embarked in a vessel," but (2) a court-martial of any service may impose confinement on bread and water in cases involving personnel "attached to or embarked in a vessel," for a "period not to exceed three consecutive days." To the extent to which paragraphs 125 and 127c of the Manual are in conflict with this construction of the Code, they are without sanction of law and must fall. United States v. Clark, supra.

### III

We must turn now to the first question posed, namely, whether a Navy court-martial may impose █ as punishment confinement on bread and water in a case in which it has also adjudged a punitive discharge. In this respect, paragraph 127c of the Manual is unequivocal. It provides that the enumerated equivalent punishments, including confinement on bread and water, may be substituted, on the basis there indicated, for the punishments listed in the Table of Maximum Punishments, "Unless dishonorable or bad conduct discharge is adjudged." This qualification in no

way conflicts with the Code. Hence, the only possible construction is the obvious and literal one: that where a punitive discharge is imposed, the court may not additionally sentence the accused to confinement on bread and water—even though the latter course may otherwise be open to it under the view we have taken earlier in this opinion.

### IV

In accordance with the foregoing, each of the three questions certified by The Judge Advocate General, United States Navy, is answered in the negative. Because the accused in this case was not "attached to or embarked in a vessel," the sentence adjudged by the court-martial, in so far as it imposed confinement on bread and water, was illegal and void. This being so, the imposition of a bad-conduct discharge did not contravene the proscription of paragraph 127c of the Manual, relating to equivalent punishments, and was *not* illegal. Therefore, the punitive discharge may be restored by the board of review, for it erred in setting it aside for the reason assigned. The action of the convening authority in suspending and thereafter providing for automatic remission of the discharge may, of course, remain outstanding and effective. The instant case, we should observe, is quite unlike United States v. Flood (No. 377), 6 CMR 114, decided December 31, 1952. Here, the bread and water confinement aspect of the sentence was void in toto. Striking it thus leaves the punitive discharge effective in an entirely legal sentence, and certainly places the accused in no worse position than when the sentence left the court-martial.

The record is remanded to The Judge Advocate General, United States Navy, for further consideration by the board of review in light of, and consistent with, the views expressed in this opinion.

Chief Judge QUINN and Judge LATIMER concur.