UNITED STATES, Appellant

v.

OMER CARL WYATT, Seaman Apprentice, U. S. Navy, Appellee

2 USCMA 647, 10 CMR 145

No. 1140

Decided June 24, 1953

CAPT Wesley C. Blake, USMC, for Appellant.
CDR Raymond van Wolkenten, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The facts of this case are similar to those of United States v. Frisbee (No. 1182), 2 USCMA 293, 8 CMR 93, decided March 9, 1953. The accused was tried by a special court-martial for absence without leave, and negligently missing movement. At the initial trial he pleaded guilty to both charges and both specifications, and was sentenced to a bad-conduct discharge, solitary confinement for twenty days on bread and water with full ration every third day, and forfeiture of $50.00 per month for four months. The supervisory authority disapproved the sentence because the court-martial had improperly considered evidence of previous convictions. He returned the record of trial to the convening authority and directed a rehearing. At the rehearing, the accused again pleaded guilty to both specifications and charges, and received the same sentence. The board of review in the office of The Judge Advocate General of the Navy held that the supervisory authority lacked authority to order a rehearing. The Judge Advocate General of the Navy certified the following question for our determination:

"In his action upon the record of trial pursuant to Article 65(b), Uniform Code of Military Justice, does the officer exercising general court-martial jurisdiction have authority to disapprove the sentence and return the record to the convening authority with authorization to direct a rehearing?"

We considered this same question in the Frisbee case, supra, and our decision in that case is controlling. There we held that the supervisory authority was empowered to order a rehearing and after citing the applicable provisions of the Uniform Code of Military Justice, and Manual for Courts-Martial, United States, 1951, stated:

"Clearly, the above provisions support the action of the officer exercising general court-martial jurisdiction in the present case. There can be no contention that, due to a lack of sufficient evidence to support the findings, the rehearing was not permissible. The accused pleaded guilty to the offenses charged, and hence, we may assume the existence of every material fact alleged. Moreover, since the original sentence was based upon inadmissible evidence (incomplete exhibits of previous convictions), there was an admissible substitute therefor as at the second trial the two previous convictions were properly proven."

The essential facts in the instant case are identical with those in the Frisbee case, supra. The question certified must be answered in the affirmative.

Appellate defense counsel request that, even though erroneous, the decision of the board of review setting aside the sentence and dismissing the charges be affirmed by us because it was based partially upon the board's holding that the sentence was incorrect in law since it combined solitary confinement on bread and water with a bad-conduct discharge in violation of paragraph 127c, Manual for Courts-Martial, United States, 1951. That provision is in part as follows:

". . . Unless dishonorable or bad conduct discharge is adjudged, the court in its discretion may substitute at the following rates other punishments for those listed in the table [Table of Maximum Punishments]."

The board of review held that, a bad-conduct discharge having been imposed,

the court-martial could not include solitary confinement on ▇▇ bread and water as part of the sentence. Our opinion in the case of United States v. Wappler (No. 1457), 2 USCMA 393, 9 CMR 23, decided April 15, 1953, supports the board's holding. There we stated:

"We must turn now to the first question posed, namely, whether a Navy court-martial may impose as punishment confinement on bread and water in a case in which it has also adjudged a punitive discharge. In this respect, paragraph 127c of the Manual is unequivocal. It provides that the enumerated equivalent punishments, including confinement on bread and water, may be substituted, on the basis there indicated, for the punishments listed in the Table of Maximum Punishments, 'Unless dishonorable or bad conduct discharge is adjudged.' This qualification in no way conflicts with the Code. Hence, the only possible construction is the obvious and literal one: that where a punitive discharge is imposed, the court may not additionally sentence the accused to confinement on bread and water—even though the latter course may otherwise be open to it under the view we have taken earlier in this opinion."

Furthermore, assuming the bad-conduct discharge portion of the sentence was disapproved, the re-▇▇ maining sentence would be excessive. In the Wappler case, supra, we also held that where a court-martial adjudges a sentence of confinement on shortened rations it must, in order to meet the provisions of Article 55, Uniform Code of Military Justice, 50 USC § 636, prohibiting cruel and unusual punishments, limit the sentence to a period of not to exceed three consecutive days. Thus, only so much of the sentence to confinement on bread and water as does not exceed that period could be held to be legal.

It must be remembered that in the Wappler case the portion of the sentence adjudging confinement on bread and water was illegal not only because it exceeded the three-day limitation but

also because the accused was not attached to or serving on a vessel. We, therefore, had one part of a sentence which was void and when that fell because of invalidity the remaining portion of the sentence was legal and it no longer was in conflict with the provisions of paragraph 127c of the Manual, supra. Here, we do not have an identical problem as the accused was tried aboard the U. S. S. BON HOMME RICHARD, and the Manual permits confinement on bread and water of naval personnel attached to or embarked in a vessel. Thus, even though the sentence of confinement is reduced to three days on bread and water, it would still be illegal because of the imposition of the punitive discharge. Either part of the sentence, if adjudged as suggested above, may be upheld; together, they cannot stand.

We note that the supervisory authority suspended the execution of the bad-conduct discharge for the period of the confinement and five months and ten days thereafter, at which time, unless the suspension was sooner vacated, the discharge should be remitted. In addition, it is reasonably certain from the record of the original trial and the trial on rehearing, that the sentence to solitary confinement on bread and water has been served by the accused. We are thus faced with a situation where one of two parts of a severable sentence must fall because of being void, and we must as a matter of law strike down one of the two parts, but we cannot dismiss the action. If we hold the bad-conduct discharge portion to be valid, we would for all practical purposes approve a void sentence as the confinement has been served. This would be clearly contrary to the provisions of the Manual and the intent of Congress. We can hold the provision adjudging a bad-conduct discharge void and this will render valid the confinement on bread and water for the three-day period. The accused will have served a period longer than that but we cannot correct fully the errors found in this record. The best we can do is to hold that portion of the sentence which provides other than three days' confinement on shortened rations to be void.

The question certified by The Judge Advocate General having been answered in the affirmative, the decision of the board of review is reversed. The findings and the legal portion of the sentence are affirmed. The record is returned to The Judge Advocate General of the Navy with directions that he refer the case to a board of review for reconsideration of the sentence in accordance with the views expressed herein.

Chief Judge QUINN concurs.

BROSMAN, Judge (concurring):

I fully agree with my brothers, but am prompted to file this memorandum for the purpose of pointing out the distinction between the Wappler case and the present one with respect to disposition. In Wappler, we set aside the sentence as it extended to bread and water confinement, and affirmed the bad-conduct discharge adjudged. Here, we act to set aside the bad-conduct discharge, and approve similar confinement in so far as it covers a three-day period only. The surface inconsistency vanishes when one takes into account the fact that in Wappler the sentence to bread and water confinement was bad in its ·entirety. It was *void* because the accused was shore-based. However, in this case, that portion of the sentence is not bad in toto—is *not* void. Its only infirmity—since the accused was attached to a vessel—is that it is excessive to the extent that it exceeds three consecutive days. We could approve no part of the bread and water confinement in Wappler. Here we can approve that which was lawfully imposed. Both confinement on bread and water and a bad-conduct discharge cannot be approved in this case. In Wappler we had no choice but to reject the bread and water element and approve the discharge. Here, however, we can approve the legal portion of the bread and water sentence and strike out the discharge—and that is what we have done.