UNITED STATES

v.

Chad M. VALEAD, 456 69 3088, Yeoman Seaman (E–3), U.S. Naval Reserve.

NMCM 88 4749.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 16 Aug. 1988.

Decided 23 Feb. 1990.

Reconsideration Denied 12 March 1990.

Capt. Dwight H. Sullivan, USMCR, Appellate Defense Counsel.

Lt. Rosalyn D. Calbert, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, C.J., and FREYER and STRICKLAND, JJ.

FREYER, Judge:

Upon conviction of numerous offenses involving absence without leave, disobedience of orders, and drug abuse, the appellant was sentenced by the military judge as follows:

> To be confined on bread and water for three days; to be followed by ninety days confinement; to forfeit $100.00 pay per month for six months; and to be discharged from naval service with a bad conduct discharge; and to be reduced to pay grade E–1.

With respect to "Confinement or restraint," paragraph 2 of the sentence limitations of a pretrial agreement provided:

> May be approved as adjudged; however, if a bad conduct discharge is awarded all confinement in excess of (3) three [sic] months shall be suspended for a period of one (1) year.

In his discussion with the appellant regarding the effect of the pretrial agreement on the sentence, the military judge stated, and secured the appellant's assent to, the following:

> Okay. Paragraph 2, it's my understanding that the convening authority

can approve the confinement; however, all confinement in excess of ninety-four days—excuse me, all confinement in excess of eighty-four days will be suspended for a period of one year from today's date. The reason for this is that the court also awarded three days bread and water in accordance with R.C.M. 1003(b)(9). Each day of confinement on bread and water counts as two days confinement.

It appears from an uncontested affidavit submitted by the appellant during the review process that the appellant commenced service of the confinement on bread and water at 1630, 16 August 1988, 5 hours and 48 minutes after adjournment of the court, and was released into general confinement at 1200, 19 August 1988.[1] The appellate defense counsel has assigned as errors that confinement on bread and water constitutes cruel and unusual punishment and so violates Amendment VIII of the United States Constitution and Article 55 of the Uniform Code of Military Justice, 10 U.S.C. § 855. We, in turn, specified additional issues. For reasons set forth below, we decline to hold that confinement on bread and water for no more than three days violates either the Eighth Amendment or Article 55; we do hold, however, that confinement on bread and water is not "confinement" within the meaning of Articles 19, 20, 57, or 58, 10 U.S.C. §§ 819, 820, 857, 858 but falls, instead, into the category of "any punishment [other than confinement] not forbidden by this chapter" within the meaning of Articles 18, 19, and 20, 10 U.S.C. § 818, and "[a]ll other sentences of courts-martial" as used in Article 57(c); accordingly, that it is not effective until ordered executed; and that such a punishment was factually inappropriate under the circumstances of this case.

■  1.  *Confinement on bread and water as cruel and unusual punishment.* Whatever may be said for the utility or efficacy of this punishment, its validity has been upheld by the Court of Military Appeals against the attack that it constituted cruel and unusual punishment. In *United States v. Wappler*, 2 U.S.C.M.A. 393, 9 C.M.R. 23 (1953), the Court wrote:

Although we do not believe that the proscription against punishments of this nature contained in the Constitution's Eighth Amendment—if applicable— would bar the punishment adjudged here, it is to be noted that the Amendment does not necessarily define the limits of "cruel and unusual," as used by Congress in Article 55. Use of the phrase by Congress, therefore, raises a problem of *legislative* rather than constitutional construction. Certainly Congress intended to confer as much protection as that afforded by the Eighth Amendment. Additionally—at least to the extent of including the punishment involved here—we believe it intended to grant protection covering even wider limits. Accordingly, we think Article 55 quite broad enough to bar confinement on bread and water, except to the extent permitted by Article 15, and—subject to the latter qualification—outside the grant of authority of Article 55.

Although *Wappler* is not a recent case, in more than thirty-six years the Court of Military Appeals has said nothing to cast doubt upon its continued validity. Consequently, we consider *Wappler* to be a binding precedent which requires us to reject the assignment of error based on an Eighth Amendment or Article 55 ground.

■  2.  *Effective date of sentence to confinement on bread and water.* Article 32 of the Articles for the Government of the Navy, entitled *Execution of sentence of summary court* [the forerunner of the present-day special court-martial], provided as follows:

No sentence of a summary court-martial shall be carried into execution until the proceedings and sentence have been approved by the officer ordering the court,

1.  If computed in accordance with the calendar-day formula specified in Article 9302 of the Department of the Navy Corrections Manual (Secretary of the Navy Instruction 1640.9A, dated 16 February 1983), the duration of the appellant's confinement on bread and water was four, not three, days.

or his successor in office, and by his immediate superior in command: Provided, That if the officer ordering the court, or his successor in office, be the senior officer present, such sentence may be carried into execution upon approval thereof, subject to the provisions of article 54(b) [relating to the Secretary's power to remit or mitigate].

Similarly, Article 53 of the Articles for the Government of the Navy provided as follows:

No sentence of a court-martial, extending to the loss of life, or to the dismissal of a commissioned or warrant officer, shall be carried into execution until confirmed by the President. All other sentences of a general court-martial may be carried into execution on confirmation of the commander of the fleet or officer ordering the court.

Articles 105 through 108 of the Articles of War contained similar provisions. The effect of such provisions on sentences to confinement at hard labor was that such sentences did not begin to run until they were ordered into execution. Thus, an accused received no credit for either pretrial confinement or post-sentence unexecuted confinement imposed to ensure the presence of the accused for execution of the sentence; in fact, such post-trial confinement was considered merely an extension of pretrial confinement. *See United States v. Davidson*, 14 M.J. 81, 84 (C.M.A.1982). When the Uniform Code of Military Justice was under consideration, commentators advocated full credit for confinement from "date of arrest." A middle ground was adopted and is embodied in Article 57(b), Uniform Code of Military Justice, which provides as follows:

Any period of confinement included in a sentence of a court-martial begins to run from the date the sentence is adjudged by the court-martial, but periods during which the sentence to confinement is suspended or deferred shall be excluded in computing the service of the term of confinement.

As best we can determine, no consideration whatever was given to confinement on bread and water or diminished rations in connection with this article, which seems only logical, since it was designed to address lengthy periods of post-trial confinement, especially those that would precede orders of execution delayed, sometimes for years, pending completion of appellate review under Article 71(c), 10 U.S.C. § 871(c), which, before the 1983 amendments altering post-trial review procedures, read:

No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed until affirmed by a Court of Military Review and, in cases reviewed by it, the Court of Military Appeals.

That Article 57(b) could not have been intended to include confinement on bread and water or diminished rations also follows from Article 13, Uniform Code of Military Justice, 10 U.S.C. § 813, as it existed from the enactment of the Code until it was amended in 1981, during which period it read:

Subject to section 857 of this title (article 57), no person, while being held for trial or the result of trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

The effect of the words "or the result of trial," which, along with the words "Subject to section 857 of this title (article 57)," were eliminated by the amendment, is described in *Reed v. Ohman*, 19 U.S.C.M.A. 110, 41 C.M.R. 110 (1969). The categories of prisoners that existed under Article 13 are described in *United States v. Nelson*, 18 U.S.C.M.A. 177, 39 C.M.R. 177 (1969). These cases make clear, as stated in preamendment Article 13 itself, that "adjudged" prisoners, although their sentences were running by virtue of Article 57(b), could not be subjected to *punishment* until they became "sentenced" prisoners once

their sentences were ordered into execution.

The implications for confinement on bread and water or diminished rations are clear. If confinement on bread and water or diminished rations began to run on the date adjudged, the accused would enter confinement as an adjudged prisoner but could not be punished, *i.e.*, subjected to a restricted diet, solitary conditions, etc., at least until the convening authority's action. Since the confinement, itself, would be over in just three days' time, it would be a rare case, indeed, in which the punishment would have any effect at all beyond mere confinement. Although, after the 1981 amendment to Article 13, punishment of "adjudged" prisoners is not prohibited, any interpretation to be given to Article 57(b), which was not amended in 1981, should make as much sense before as after the 1981 amendment of Article 13. Moreover, none of the reasons for the 1981 amendment, as set forth in 1981 U.S.Code Cong. and Adm.News 1772–73, even remotely applies to confinees on bread and water or diminished rations, who are always a separate class of prisoners and are assigned no prison tasks, rehabilitative counseling, or military training during their brief, solitary incarceration; hence, there is not the slightest indication in the legislative history of the 1981 amendment that any effect on confinement on bread and water or diminished rations was either contemplated or intended from the resulting change in the relationship between Articles 13 and 57(b).

Confirmation of our conclusion that confinement on bread and water or diminished rations is not "confinement," as that term is commonly used in the Code, is found in an opinion of the Judge Advocate General of the Navy digested in 6 Dig.Ops. 485–86, which we quote:

> An accused, who was not attached to or embarked in a vessel, was sentenced by court-martial to be confined in solitary confinement on diminished rations, to wit: two full meals per day, with a full ration every third day for twenty days, and to forfeit $35.00. The convening authority approved only so much of the sentence as called for solitary confine-

ment for twenty days and to forfeit $35.00. The reviewing law specialist stated that the sentence as approved by the convening authority was legal and recommended its approval. However, the supervisory authority was of the opinion that only so much of the sentence as provided for a forfeiture of $35.00 could be approved and he forwarded the record to the office of the Judge Advocate General for review. *Held*, a sentence to confinement on bread and water adjudged against an accused not attached to or embarked in a vessel is not a divisible or separable sentence. *Bread and water confinement under such circumstances is not a species of confinement* and, hence, not one which can properly be vitalized in any form or part by a reviewing authority. It falls in toto. The sentence here insofar as it provides for confinement on diminished rations was an illegal and void adjudication on the part of the court. Consequently, the only avenue which was open to the convening authority at the time of his action was to have disapproved and set aside the whole of this sentence. His action in mitigating the sentence to a lesser form of confinement was without warrant in law. Accordingly, only so much of the sentence as provides for forfeiture of $35.00 can be approved.

(Emphasis added.) (Citations omitted.) *Op JAGN 1956/322, 29 March 1956.*

We further note that, in the several revisions of the Manual for Courts–Martial, no reference is made to confinement on bread and water or diminished rations in the section relating to ordinary confinement (at hard labor), and the current Manual for Courts–Martial, United States, 1984, is no exception. *See* Rule for Courts–Martial 1003(b)(8) and (9). For another type of confinement which does not begin to run on the date adjudged, *see United States v. Knabe*, 10 M.J. 607 (AFCMR 1980) (confinement to enforce payment of fine).

On the basis of the foregoing, we hold that confinement on bread and water or diminished rations is not "confinement" within the purview of Article 57(b) but falls

into the "[a]ll other sentences" category of Article 57(c) and is, therefore, effective on the date ordered executed, and not before.

3. *Appropriateness of the sentence.* Upon consideration of the appellant's offenses in light of his past record, we are convinced that the sentence announced by the military judge, less the confinement on bread and water, was entirely appropriate. From the appellant's uncontested post-trial affidavit, we note that, for various reasons, he did not work nor live on board ship after 27 November 1987. The date of trial was 16 August 1988. Consequently, the only circumstance making confinement on bread and water an authorized punishment was that the appellant remained technically attached to the ship. His one nonjudicial punishment took place in January of 1987, and the latest offense charged against him was an absence without leave ending forty days before trial. No pretrial restraint was imposed. It, thus, appears that none of the historical justifications for retention of confinement on bread and water as a lawful punishment was present. On the whole record, we find that part of the sentence extending to confinement on bread and water to be inappropriate.

4. *Remedy.* The appellant has been on appellate leave since 31 October 1988. If administration of the sentence had been proper, the appellant would have served the ninety days of adjudged confinement beginning on the date of trial (with appropriate credit for "good time"). Then, when the convening authority acted, he would have been required by the pretrial agreement at least to suspend the confinement on bread and water; consequently, absent vacation of the suspension, there is no way that the appellant should have served any confinement on bread and water at all under the circumstances of this case. If, however, the appellant received the required two-for-one credit for confinement on bread and water, and the defense does not assert that he did not, he should have been released from confinement three days earlier than he would have been, had the confinement on bread and water not been illegally imposed. We cannot say whether or not the appellant would have subjectively preferred to avoid the conditions of confinement on bread and water in return for serving three additional days of ordinary confinement, but we do note that, with application of the two-for-one credit, the overall severity of the sentence, as served, technically was not increased. The convening authority's action is dated 18 November 1988, from which we conclude that the appellant suffered no forfeiture or other loss of pay before entering a leave-without-pay status. Consequently, the only "meaningful relief" now available would be to set aside the bad-conduct discharge, but we consider such drastic relief grossly disproportionate to the injury to the appellant's rights resulting from what appears to have been nothing worse than an innocent error of law, of less than Constitutional dimension, which was entirely uncontested by the defense at trial. Much more limited relief is warranted here.

So much of the sentence as extends to confinement on bread and water for three days and any suspended confinement presently remaining unserved is set aside. As thus modified, the findings of guilty and the sentence, as approved on review below, are affirmed.

Chief Judge BYRNE and Judge STRICKLAND concur.