UNITED STATES, Appellee,

v.

Chad M. VALEAD, Yeoman Seaman, U.S. Navy, Appellant.

Docket No. 64,307.
NMCM 88 4749.

U.S. Court of Military Appeals.

Argued Nov. 29, 1990.
Decided March 19, 1991.

For Appellant: *Captain Dwight H. Sullivan, USMC* (argued).

For Appellee: *Lieutenant Rosalyn D. Calbert, JAGC, USNR* (argued); *Commander Thomas W. Osborne, JAGC, USN* (on brief); *Commander Peter J. McLaughlin, JAGC, USN.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

At the time of the offenses and at trial, Yeoman Seaman Valead was attached to the aircraft carrier USS KITTY HAWK. He was convicted of four specifications of absence without leave, two specifications of willful disobedience of a superior senior chief petty officer, and one specification each of wrongful use of cocaine and wrongful use of marijuana, in violation of Articles 86, 91, and 112a, Uniform Code of Military Justice, 10 USC §§ 886, 891, and 912a, respectively. On August 16, 1988, the military judge sentenced him to 3 days' confinement on bread and water, and then 90 days confinement; forfeiture of $100 pay per month for 6 months, reduction to

pay grade E–1, and a bad-conduct discharge.

Appellant was immediately confined on bread and water which lasted until August 19, 1988. He then served regular confinement until his release on October 30, 1988. He was placed on appellate leave on October 31, 1988. On November 18, 1988, the convening authority approved the sentence as adjudged but suspended confinement in excess of 3 months as provided in a pretrial agreement. The Court of Military Review set aside the confinement on bread and water and any unserved suspended confinement then remaining but otherwise affirmed the findings of guilty and the sentence. 30 MJ 634 (1990).

The granted issues in this case are:

## I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY RULING THAT CONFINEMENT ON BREAD AND WATER IS NOT A CRUEL AND UNUSUAL PUNISHMENT.

## II

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY SETTING ASIDE CONFINEMENT ON BREAD AND WATER WHICH HAD ALREADY BEEN SERVED AND NOT MITIGATING ANOTHER PORTION OF THE SENTENCE.

■ Judicial conservatism dictates that we only answer Issue II because its resolution renders the answer to Issue I moot or academic. *See generally Escambia County, Fla. v. McMillan,* 466 U.S. 48, 104 S.Ct. 1577, 80 L.Ed.2d 36 (1984). This mootness partially stems from our conclusion that any possible unconstitutionality of this centuries-old punishment in this case does not dictate a remedy different from that afforded by the Court of Military Review. *See generally Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); *City of Revere v. Massachusetts*

*General Hospital,* 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). *See also Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). More particularly, setting aside the punitive discharge is not required simply because the confinement on bread and water may have violated the Constitution rather than a statute or Manual provision. *See United States v. Johnson,* 19 USCMA 49, 41 CMR 49 (1969). *Cf. United States v. Nelson,* 18 USCMA 177, 39 CMR 177 (1969). In addition, even assuming that error of constitutional dimension occurred, we conclude that the Court of Military Review did not abuse its discretion in awarding appellant the particular sentence relief challenged° in this case. Art. 66(c), UCMJ, 10 USC § 866(c). *Cf. United States v. Suzuki,* 20 MJ 248 (CMA 1985); *United States v. Suzuki,* 14 MJ 491, 493 (CMA 1983).

Appellant entered into a pretrial agreement which provides in pertinent part:

*MAXIMUM SENTENCE TO BE APPROVED BY THE CONVENING AUTHORITY*

1. Punitive Discharge: As adjudged.
2. Confinement or restraint: May be approved as adjudged; however, if a bad-conduct discharge is awarded all confinement in excess of (3) three months shall be suspended for a period of one (1) year.
3. Forfeitures and Fines: As adjudged.
4. Reduction in Rate: As adjudged
5. Reprimand: As adjudged.

Later on, the military judge announced his sentence and examined these provisions of the plea agreement. The record states:

MJ: Accused and counsel, please rise. Let the record reflect that I've deliberated in place.

Seaman Valead, it is my duty as military judge to inform you that this court sentences you as follows:

To be confined on bread and water for three days; to be followed by ninety days confinement; to forfeit $100.00 pay per month for six

months; and to be discharged from naval service with a bad-conduct discharge; and to be reduced to pay grade E–1.

You may be seated.

MJ: May I see Appellate Exhibit II?

DC: Approach the bench, Your Honor?

MJ: Yes.

DC: Let the record reflect that I'm handing the military judge Appellate Exhibit II.

MJ: Do you have a copy of Appellate Exhibit II in front of you?

Accused: Yes, sir.

MJ: Okay. Let's go down paragraph by paragraph. It's my understanding the convening authority can approve the bad-conduct discharge, is that your understanding?

Accused: Yes, sir.

MJ: Okay. Paragraph 2, it's my understanding that the convening authority can approve the confinement; however, all confinement in excess of ninety-four days—excuse me, all confinement in excess of eighty-four days will be suspended for a period of one year from today's date. The reason for this is that the court also awarded three days bread and water in accordance with RCM 1003(b)(9). Each day of confinement on bread and water counts as two days confinement. Do you have any questions about—Is your understanding the same as mine?

ACCUSED: Yes, sir.

MJ: The convening authority can approve the forfeitures, is that your understanding?

ACCUSED: Yes, sir.

MJ: The convening authority can approve the reduction in rate, is that your understanding?

ACCUSED: Yes, sir.

MJ: And a reprimand does not apply because the court did not award a reprimand.

ACCUSED: Yes, sir.

MJ: Counsel, is my understanding the same as yours?

TC: Your Honor, the only question I would have is that the judge has announced that anything over eighty-four days would have to be suspended. The pretrial agreement calls for anything in excess of three months which may, in fact, be more than ninety days. Usually, three months is computed to [be] a period of ninety-two days vice ninety days; therefore, eighty-six days would be the maximum they could approve.

MJ: Well, to avoid any confusion, we are going to go on a thirty day month; so, three months equal ninety days.

TC: Very well, sir.

MJ: Okay?

TC: No confusion, then.

MJ: Okay. Is my understanding of the sentence limitations of Appellate Exhibit II the same as yours?

TC: Yes, sir, Your Honor.

DC: Yes, sir.

MJ: After reviewing the sentence limitations portion of the agreement, which is set forth in Appellate Exhibit II, it is still my opinion that the pretrial agreement is in accordance with case law, not contrary to public policy, or my own notion of fairness, and the agreement remains accepted.

---

■ Appellant did not object at trial to imposition and immediate service of the 3 days of confinement on bread and water. An opportunity for such objection was provided at trial when the judge reviewed his sentence in light of the pretrial agreement. His failure to make such an objection on constitutional, statutory, or even regulatory grounds has not been adequately explained. Also, appellant served 78 days of the ordinary confinement portion of his sentence, and he did not request its deferment on the basis of the probable illegality of his earlier confinement on bread and

water. RCM 1101(c), Manual for Courts–Martial, United States, 1984. Moreover, after serving 81 days of total confinement, he was immediately placed on appellate leave (Art. 76a, UCMJ, 10 USC § 876(a)) and, as a windfall, he was apparently not subjected to the awarded and approved forfeitures of $600. Art. 57(a), UCMJ, 10 USC § 857(a); NAVPERS 15560A § 3420280.5d. Finally, the Court of Military Review formally set aside the punishment of 3 days' confinement on bread and water, even though it had already been served. *See United States v. Wyatt,* 2 USCMA 647, 10 CMR 145 (CMA 1953); *United States v. Wappler,* 2 USCMA 393, 9 CMR 23 (1953).

These circumstances clearly establish that the Court of Military Review acted lawfully in this case. They provide an ample basis for that Court's limited exercise of its broad discretionary power to reassess a court-martial sentence for legal error and award meaningful relief. Art. 66(c), 10 USC § 866(c). Second-guessing the exercise of that power in the context of this evidentiary record would be inappropriate. *See United States v. Poole,* 26 MJ 272, 274–75 (CMA 1988); *United States v. Sales,* 22 MJ 305, 308–09 (CMA 1986); *United States v. Dukes,* 5 MJ 71 (CMA 1978).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

COX, Judge (concurring):

Because we routinely speak as the highest court within the military justice system, which I equate with both the state and federal hierarchy, I do not always agree that our cases should be resolved on the narrowest, most judicially conservative basis. However, I agree here that the record is unripe for tackling the Navy's sacred cow, "three days confinement on bread and water." For as the Navy–Marine Corps Court of Military Review noted, appellant did not work nor live on board ship after 27 November 1987. The date of trial

was 16 August 1988. Consequently, the only circumstance making confinement on bread and water an authorized punishment was that the appellant remained technically attached to the ship. His one nonjudicial punishment took place in January of 1987, and the latest offense charged against him was an absence without leave ending forty days before trial. No pretrial restraint was imposed. *It, thus, appears that none of the historical justifications for retention of confinement on bread and water as a lawful punishment was present. On the whole record, we find that part of the sentence extending to confinement on bread and water to be inappropriate.*

30 MJ 634, 639 (1990) (emphasis added). Under these circumstances, it is better for us to await an appropriately adjudged sentence to bread and water. Anything offered on this subject now would be premature.

EVERETT, Senior Judge (concurring in the result):

This appeal involves a punishment traditional in the Navy—confinement on bread and water. However, in this instance, the punishment was imposed by a military judge rather than by the captain of a vessel. Therein lies the principal issue before us.

I

For his numerous offenses,[1] Valead was sentenced on August 16, 1988, "[t]o be confined on bread and water for three days; to be followed by ninety days confinement; to forfeit $100.00 pay per month for six months; and to be discharged from naval service with a bad-conduct discharge; and to be reduced to pay grade E–1." Since the pretrial agreement provided that, "if a bad-conduct discharge is awarded, all confinement in excess of (3) three months shall

---

1. Absence without leave, willful disobedience of orders, and drug abuse, in violation of Articles 86, 91, and 112a, Uniform Code of Military Justice, 10 USC §§ 886, 891, and 912a, respectively.

be suspended for a period of one (1) year," the military judge concluded

that the convening authority can approve the confinement; however, all confinement in excess of ninety-four days—excuse me, all confinement in excess of eighty-four days will be suspended for a period of one year from today's date. The reason for this is that the court also awarded three days bread and water in accordance with RCM 1003(b)(9). Each day of confinement on bread and water counts as two days confinement.

According to an uncontested affidavit submitted by Valead during the review process, he commenced service of his confinement on bread and water on the afternoon of August 16, 1988—the date of trial—and was released into general confinement at noon on August 19.[2]

Both in the Court of Military Review and in this Court, appellate defense counsel has contended that confinement on bread and water constitutes cruel and unusual punishment, in violation both of the Eighth Amendment of the United States Constitution and Article 55 of the Uniform Code of Military Justice, 10 USC § 855. The Court of Military Review rejected this contention in reliance on *United States v. Wappler*, 2 USCMA 393, 9 CMR 23 (1953); but it also ruled

that confinement on bread and water is not "confinement" within the meaning of Articles 19, 20, 57, or 58, 10 U.S.C. §§ 819, 820, 857, 858 but falls, instead, into the category of "any punishment [other than confinement] not forbidden by this chapter" within the meaning of Articles 18, 19, and 20, and "[a]ll other sentences of courts-martial" as used in Article 57(c); accordingly, that it is not effective until ordered executed; and that such a punishment was factually

inappropriate under the circumstances of this case.

30 MJ 634, 636 (1990).

## II

The Judge Advocate General of the Navy did not certify to this Court any issue concerning the correctness of the conclusion by the Court of Military Review that confinement on bread and water is not "confinement" within the meaning of Articles 19, 20, 57, and 58, 10 USC §§ 819, 820, 857, 858. During oral argument, and in response to a question from this Court, appellate government counsel indicated that the Government acquiesced in this interpretation of the Code by the court below. I also agree with this construction of the Uniform Code.

I conclude, therefore, that, unlike the usual sentence to confinement—which "begins to run from the date the sentence is adjudged by the court-martial," *see* Art. 57(b)—the part of Valead's sentence extending to confinement on bread and water could not take effect until "ordered executed by the convening authority or other person acting on the case under" Article 60 of the Code, 10 USC § 860. *See* Art. 71(c)(2), UCMJ, 10 USC § 871(c)(2); *see also* Art. 57(c).

The Court of Military Review decided that, in light of the purposes of confinement on bread and water, it was inappropriate to execute such punishment long after the sentence had been adjudged. This decision seems reasonable; and, in any event, it was within the power conferred on the court below by Article 66(c) of the Code, 10 USC § 866(c).

Because of the necessary delay between imposition of a court-martial sentence which includes a bad-conduct discharge and approval of that sentence by the convening authority pursuant to Article 60, it is fore-

---

**2.** As was noted by the Court of Military Review and reiterated by appellate defense counsel during oral argument, "the duration of" Valead's "confinement on bread and water was 4, not 3, days" when computed as specified in Article 9302 of the Department of the Navy Corrections Manual (Secretary of the Navy Instruction 1640.9A, dated 16 February 1983). 30 MJ 634, 636 n.1 (1990). This manual treats part of a day as a full day; accordingly, August 16 and August 19—as well as the 2 days in between—each would be considered a day of confinement on bread and water.

seeable—and almost inevitable—that, in any such case, a significant number of days will have elapsed between the date when the sentence is adjudged and the date when the punishment of confinement on bread and water can lawfully be carried out. Under the view taken by the Court of Military Review, it would follow that, whenever a bad-conduct discharge is adjudged, it is "inappropriate" to adjudge confinement on bread and water. Accordingly, as a practical matter, the punishment of confinement on bread and water or diminished rations, as authorized by RCM 1003(b)(9), is impermissible if the sentencing authority chooses to adjudge a punitive discharge.

This still leaves open the possibility that a sentence may include confinement on bread and water if—as with a summary court-martial—it is probable that the sentence will be very swiftly approved by the convening authority and can be ordered executed almost immediately. Thus—despite the Government's contention and the conclusion of the majority in this Court that the action of the court below has mooted the issues which appellant has sought to raise—I believe it is appropriate to address some of them.

### III

As this Court made clear in *Wappler*, any punishment that would be cruel and unusual in violation of the Eighth Amendment is prohibited also by Article 55 of the Code, 10 USC § 855. *See also United States v. Matthews*, 16 MJ 354 (CMA 1983). Obviously, Congress did not believe that confinement on bread and water or diminished rations for 3 consecutive days violated either Article 55 or the Eighth Amendment; otherwise, it would not have authorized a commanding officer to impose such punishment nonjudicially under Article 15(b)(2)(A) of the Code, 10 USC § 815(b)(2)(A). *Cf. United States v. Wappler, supra.* Moreover, I doubt that the drafters of the Bill of Rights intended to outlaw these punishments, which then, as now, were commonplace in the American Navy and had long been customary in the British fleet.

Accordingly, I would hold that, when confinement for 3 days on bread and water is imposed promptly as a punishment for an accused's misconduct, neither Article 55 of the Code nor the Eighth Amendment is violated. On the other hand, if confinement on bread and water is imposed as a deferred punishment, not only is this "inappropriate," as the Court of Military Review held in appellant's case, but also it is so out of keeping with the usual practice in imposing such punishment and with the purposes of such punishment that it may be "cruel or unusual" and therefore prohibited by Article 55.

### IV

According to RCM 1003(b)(9), the punishment of confinement on bread and water "may be adjudged only in cases of enlisted members attached to or embarked in a vessel." This limitation conforms to that which applies under the Uniform Code when this punishment is imposed nonjudicially. *See* Art. 15(b)(2)(A).[3] *Cf. United States v. Wappler, supra.* As appellate defense counsel has emphasized, the ready availability of the punishment of confinement on bread and water or diminished rations was intended to provide a valuable disciplinary tool for ship captains who are at sea or about to put to sea.

At the time of his trial, Valead was "attached to" the USS KITTY HAWK for purposes of Naval personnel accounting. However, this vessel already had been in dry dock for many months; and many more months would pass before the ship could put to sea again. Appellate defense counsel insists that, regardless of Naval regulations and personnel accounting, Valead was not "attached to" the USS KITTY HAWK within the meaning of Article 15 or RCM 1003(b)(9)—which contemplates vessels at

---

**3.** Whether a servicemember is "attached to or embarked in a vessel" also determines whether he may demand trial by court-martial in lieu of nonjudicial punishment. *See* Art. 15(a), Uniform Code of Military Justice, 10 USC § 815(a).

sea or about to go to sea. On the premise that form should not govern over substance, I tend to agree with this contention; but in view of our disposition of other questions, I need not now express a firm opinion on this issue.

## V

As the Court of Military Review recognized, Valead was subjected to confinement on bread and water immediately after sentencing and before this portion of the sentence could be executed lawfully. Moreover, according to the Navy's method of computing time of confinement, he actually served 4 days of confinement on bread and water, rather than only the maximum of 3 days allowed by the Uniform Code. *See* n.2, *supra.* Finally, as described by Valead in his affidavit and by his appellate defense counsel during oral argument, confinement officials may have imposed upon him conditions more rigorous than those which ordinarily would be authorized by a sentence to "confinement on bread and water or diminished rations."

Appellate defense counsel has argued forcefully that the Court of Military Review was obligated to give appellant "meaningful" relief for this wrongful imposition of confinement on bread and water.

From this premise, counsel reasons that the bad-conduct discharge adjudged by the military judge should be set aside, because no other relief would be meaningful: Appellant has served his confinement; no forfeitures of pay ever were collected under Navy regulations; and his service of confinement automatically reduced him to his lowest enlisted grade.

It appears that, with respect to the 3 (or 4) days of confinement on bread and water, Valead was credited with 6 days against the approved sentence to confinement for 90 days.[4] Thus, Valead already has received some relief by reason of the time that he served in confinement on bread and water.

For some purposes, at least, a bad-conduct discharge has been equated with 6 months' confinement. *See United States v. Brown,* 13 USCMA 333, 32 CMR 333 (1962). To set Valead's discharge aside, as appellate defense counsel has urged, would provide relief that is totally disproportionate to the harm he suffered because of the improper punishment of 3—or 4—days of confinement on bread and water. I agree with the majority that this is not required, and I am not convinced that the infliction of excessive punishment must be remedied by granting appellant a major windfall.[5]

---

4. This credit was derived from the provision in RCM 1003(9) that, "[i]f adjudged in the same sentence with confinement, hard labor without confinement, or restriction, confinement on bread and water or diminished rations for 1 day shall be treated as the equivalent of confinement for 2 days." As pointed out in the analysis of this rule, this formula is based on the Table of Equivalent Punishments in paragraph 127 of the Manual for Courts–Martial, United States, 1969 (Revised edition). Drafters' Analysis, Manual for Courts–Martial, United States, 1984 at A21–64.1 (Change 3).

5. Appellate defense counsel also has contended that, if the bad-conduct discharge were set aside, appellant would be separated administratively with a discharge that would reflect the quality of his service. Even so, in our view disapproval of the bad-conduct discharge would constitute relief totally disproportionate to appellant's injury.