UNITED STATES, Appellee,

v.

**Brice W. YATCHAK, Airman Recruit U.S. Navy, Appellant.**

No. 66,993.
NMCM 90 2160.

U.S. Court of Military Appeals.

Argued June 3, 1992.

Decided Sept. 28, 1992.

For Appellant: *Captain Dwight H. Sullivan,* USMC (argued).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp,* JAGC, USN (argued); *Colonel T.G. Hess,* USMC (on brief).

Amicus Curiae on behalf of Appellant: *Thomas B. Kenworthy* (argued); *Zane D. Memeger* and *Stefan Presser* (on brief)— For the American Civil Liberties Union of Pennsylvania.

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, in accordance with his pleas, of unauthorized absence and two wrongful uses of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively. The adjudged sentence provides for a bad-conduct discharge, "three days bread and water, followed by 100 days of confinement," and forfeiture of $350.00 pay per month for 5 months. Appellant did not contest the legality of his sentence at the time it was announced, but in a post-trial clemency petition to the convening authority dated June 1, 1990, appellant cited *United States v. Valead,* 30 MJ 634 (NMCMR 1990), and requested that the convening authority disapprove his punishment of confinement on bread and water. Appellant was released from the brig and placed on appellate leave on June 7, 1990. On June 12 the convening authority approved the sentence as adjudged. At that time he had served 59 days in confinement, and no forfeitures had been collected.

Before the Court of Military Review, appellant contended that his sentence violated the Eighth Amendment prohibition against "cruel and unusual" punishments as well as the Article 55, UCMJ, 10 USC § 855, prohibition against "cruel or unusual" punishments. That court affirmed the findings and sentence without opinion. We granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY DENYING APPELLANT'S CHALLENGE TO THE LEGALITY OF IMPOSING CONFINEMENT ON BREAD AND WATER UPON A CREW MEMBER OF A SHIP UNDERGOING A LONG–TERM OVERHAUL IN A DOMESTIC SHIPYARD.

At the time of his court-martial, appellant was assigned to the crew of the USS KITTY HAWK, which was undergoing a long-term overhaul that would not be completed until several months after the trial. Prior to his court-martial, appellant was in pretrial confinement in a shore facility brig. His court-martial took place ashore, and he served his sentence in a shore facility brig. The Government and the defense agree that the USS KITTY HAWK "was never in an operational status throughout the period of appellant's naval service." Answer to Final Brief at 2.

■ As he did before the court below, appellant now contends that his sentence to confinement on bread and water violated the Eighth Amendment and Article 55. We agree that his sentence violated Article 55, and, therefore, we need not reach the Constitutional question.

At the outset we note that the only mention of confinement on bread and water in the UCMJ is in Article 15(b)(2)(A), 10 USC § 815(b)(2)(A), which lists it as an authorized nonjudicial punishment for persons "attached to or embarked in a vessel." Courts-martial are authorized by RCM 1003(b)(9), Manual for Courts–Martial, United States, 1984, to impose confinement on bread and water on enlisted persons "attached to or embarked in a vessel."

The fundamental question in this case is whether appellant was "attached to or embarked in a vessel." In *United States v. Wappler*, 2 USCMA 393, 9 CMR 23 (1953), this Court examined the legislative history of the phrase. The Court concluded that Congress reluctantly authorized confinement on bread and water for those "at sea," 2 USCMA at 396, 9 CMR at 26, in response to the Navy's argument that it "was one of the few effective punishments available for imposition aboard ship," 2 USCMA at 395, 9 CMR at 25, but that Congress refused to authorize it for "land-based personnel" because they considered it unjustified by military necessity. Based on its reading of the intent of Congress, this Court concluded that imposition of confinement on bread and water on anyone other than "those at sea" was "cruel and [sic] unusual" and therefore prohibited by Article 55. 2 USCMA at 396, 9 CMR at 26. Although the Congressional discussion concerned confinement on bread and water as a nonjudicial punishment rather than as a court-martial sentence, this Court concluded that "Congressional concern over bread and water confinement was not at all directed against the *source* of the action but, rather, was aimed at the very *nature* of the punishment itself." 2 USCMA at 395, 9 CMR at 25. Accordingly, this Court held: "No court-martial ... may adjudge confinement on bread and water for personnel other than those 'attached to or embarked in a vessel'...." 2 USCMA at 396, 9 CMR at 26.

This Court again considered the legality of confinement on bread and water in *United States v. Valead*, 32 MJ 122 (CMA 1991), which coincidentally involved the same long-term overhaul of appellant's ship, USS KITTY HAWK. In *Valead* Chief Judge Sullivan, with Judge Cox concurring, found it unnecessary to reach the Constitutional or Article 55 question in light of the Court of Military Review's decision setting aside the punishment as inappropriate. Senior Judge Everett, concurring in the result, "tend[ed] to agree" with the defense contention that "Valead was not 'attached to' the USS KITTY HAWK within the

meaning of ... RCM 1003(b)(9)—which contemplates vessels at sea or about to go to sea." *Id.* at 127–28. The legislative history supports Senior Judge Everett's tentative interpretation of the term, since it reflects that Congress devised the term, "attached to or embarked in a vessel," to cover those actually at sea as well as those in port when their ship is about to depart. *See* Hearings on H.R. 2498 Before a Subcomm. of the House Armed Services Comm., 81st Cong., 1st Sess. 945–46 (1949), *reprinted in* Index and Legislative History, Uniform Code of Military Justice (1950).

After reviewing our prior decisions in *Wappler* and *Valead* and examining the legislative history of congressional concerns about the punishment of confinement on bread and water, we hold that appellant was not "attached to or embarked in a vessel," as that phrase was used by Congress. Since the punishment was imposed and executed in circumstances where Congress intended that it be prohibited as "cruel or unusual," we hold that confinement on bread and water in this case was prohibited by Article 55. *United States v. Wappler, supra.*

█ Appellant asks this Court to set aside his bad-conduct discharge as meaningful relief for his illegal sentence. We decline to do so. Although the convening authority did not grant his request to disapprove the confinement on bread and water, he released appellant from confinement after appellant had served substantially less than the adjudged and approved sentence. To set appellant's bad-conduct discharge aside would grant him a "windfall." *See United States v. Valead,* 32 MJ at 128 (footnote omitted) (Everett, Senior Judge, concurring in the result). We will, however, set aside the confinement on bread and water and all unserved confinement and uncollected forfeitures.

The decision of the United States Navy–Marine Corps Court of Military Review is reversed as to so much of the sentence as exceeds a bad-conduct discharge and confinement for 59 days. The excess portion of the sentence is set aside. All rights, privileges, and property of which appellant has been deprived by virtue of the portion of the sentence which has been set aside will be restored.

Judges COX and CRAWFORD concur.

SULLIVAN, Chief Judge (concurring in the result):

A bread-and-water sentence cannot be executed until approved by the convening authority. This was not done here, so that portion of the sentence was improper. My views on this subject are stated in *United States v. Valead,* 32 MJ 122 (CMA 1991).

WISS, Judge (concurring in the result):

As the majority's opinion correctly notes, "[t]he Government and the defense agree that the USS *KITTY HAWK* 'was never in an operational status throughout the period'" here in question. At 380. Under such circumstance, I concur that appellant was not "attached to or embarked in a vessel" as that phrase was used by Congress in Article 15(b)(2)(A) of the Uniform Code of Military Justice, 10 USC § 815(b)(2)(A), or in RCM 1003(b)(9), Manual for Courts-Martial, United States, 1984. I expressly disassociate myself, however, from that portion of the majority opinion which cites a brief segment of the legislative history dealing with the phrase "attached to or embarked in a vessel." At 380. In my view, the full legislative history does not support the limited construction of the phrase as is indicated in this dicta of the majority opinion.