UNITED STATES, Appellee,

v.

**Nathan M. LORANCE, Fireman Apprentice, U.S. Navy, Appellant.**

No. 67,001.

NMCM 89 4165.

U.S. Court of Military Appeals.

Argued June 3, 1992.

Decided Sept. 28, 1992.

For Appellant: *Captain Dwight H. Sullivan,* USMC (argued).

For Appellee: *Lieutenant Commander Lawrence W. Muschamp,* JAGC, USN (argued); *Colonel T.G. Hess,* USMC (on brief).

Amicus Curiae on behalf of Appellant: *Thomas B. Kenworthy* (argued); *Zane D. Memeger* and *Stefan Presser* (on brief)— For the American Civil Liberties Union of Pennsylvania.

*Opinion of the Court*

GIERKE, Judge.

A military judge sitting as a general court-martial convicted appellant, in accord-

ance with his pleas, of disrespect toward a commissioned officer, willful disobedience of a noncommissioned officer's order (2 specifications), disrespect toward a noncommissioned officer, and assault on a noncommissioned officer, in violation of Articles 89, 91, and 128, Uniform Code of Military Justice, 10 USC §§ 889, 891, and 928, respectively. On September 28, 1989, the military judge sentenced appellant to a bad-conduct discharge, forfeiture of $400.00 pay per month for 8 months, reduction to the lowest enlisted grade, and confinement on bread and water for 3 days to be followed by 8 months of confinement. On December 1, 1989, in accordance with a pretrial agreement, the convening authority approved the adjudged sentence but suspended confinement in excess of 7 months. On March 14, 1990, appellant was placed on appellate leave.

At the time of his court-martial, appellant was assigned to the crew of the USS KITTY HAWK, which had been undergoing a long-term overhaul for a substantial period of time and which was scheduled to remain in overhaul for several months after appellant's court-martial. Appellant was berthed in barracks ashore at the time of his court-martial, and he served his sentence ashore.

Appellant's confinement order, signed by trial counsel and dated September 28, 1989, contains a certificate by Lieutenant Commander (LCDR) Robert B. Mooney, Jr., Medical Corps, U.S. Naval Reserve, stating that he was "of the opinion that the execution of the foregoing sentence to confinement on bread and water ... will ... produce serious injury to his ... health." Notwithstanding LCDR Mooney's medical opinion, appellant began serving his sentence to confinement on bread and water the same day.

Appellant challenged the legality of his sentence to confinement on bread and water for the first time before the Court of Military Review, on three grounds: (1) it violates RCM 1113(d)(5), Manual for Courts–Martial, United States, 1984, which permits execution of a sentence to confine-

ment on bread and water "only if a medical officer ... certifies in writing that service of such a sentence will not ... produce serious injury to the health of the accused"; (2) it violates the Article 55, UCMJ, 10 USC § 855, prohibition against "cruel or unusual" punishments; and (3) it violates the Eighth Amendment prohibition against "cruel and unusual" punishments. The Court of Military Review did not directly address appellant's assertion that confinement on bread and water violated the Eighth Amendment and Article 55, but held that appellant's punishment violated RCM 1113(d)(5). Noting that the convening authority had given appellant 2 days' credit toward confinement for each day of bread and water, the court below held that appellant was not entitled to any further relief. In its unpublished opinion dated July 26, 1991, the Court of Military Review affirmed the findings and sentence.

We granted review of the following issues:

I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY GRANTING *NO RELIEF* WHERE APPELLANT WAS SUBJECTED TO CONFINEMENT ON BREAD AND WATER DESPITE A MEDICAL OFFICER'S CERTIFICATE THAT SUCH PUNISHMENT "WILL PRODUCE SERIOUS INJURY TO HIS HEALTH."

II

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY DENYING APPELLANT'S CHALLENGE TO THE LEGALITY OF IMPOSING CONFINEMENT ON BREAD AND WATER UPON A CREWMEMBER OF A SHIP UNDERGOING A LONG–TERM OVERHAUL IN A DOMESTIC SHIPYARD.

█ In light of LCDR Mooney's certificate, we are satisfied, as was the court below, that appellant's sentence to confine-

ment on bread and water was prohibited by RCM 1113(d)(5) and should not have been executed. Furthermore, since appellant was not "attached to or embarked in a vessel," his sentence violated Article 55. *United States v. Yatchak*, 35 MJ 379 (CMA 1992).

The only remaining question is whether the convening authority's action crediting appellant with 2 days of confinement for each day on bread and water was an appropriate remedy. The court below held that, in light of the convening authority's action awarding credit for 2 days of confinement for each day of bread and water, appellant was not entitled to further relief. We disagree. Appellant would have been entitled to a two-for-one credit even if lawfully sentenced to confinement on bread and water. RCM 1003(b)(9). Thus, he has received no credit for serving the illegal sentence. We will set aside the illegal punishment and, as relief for the illegal sentence, we will set aside the forfeitures, which were in effect for 103 days between the date of the convening authority's action and appellant's departure on appellate leave.

The decision of the United States Navy–Marine Corps Court of Military Review is reversed as to so much of the sentence as exceeds a bad-conduct discharge, confinement for 8 months (with one month suspended), and reduction to the lowest enlisted grade. The excess portion of the sentence is set aside. All rights, privileges, and property of which appellant has been deprived by virtue of the portion of the sentence which has been set aside will be restored.

Judges COX and CRAWFORD concur.

SULLIVAN, Chief Judge (concurring in part and in the result):

I would simply hold that, since RCM 1113(d)(5), Manual for Courts–Martial, United States, 1984, was violated, the bread-and-water portion of the sentence should never have been executed.

WISS, Judge (concurring in part and in the result):

I agree that, in light of the medical officer's certificate, the sentence to bread and water should not have been executed. RCM 1113(d)(5), Manual for Courts–Martial, United States, 1984. Additionally, for the reasons set forth in my separate opinion in *United States v. Yatchak*, 35 MJ 379, 381 (CMA 1992), I agree that appellant was not "attached to or embarked in a vessel." Accordingly, I concur in the result and in the relief afforded in the majority opinion.