# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32338

————————————

### UNITED STATES
*Appellee*

v.

### Markus A. MILNER
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 February 2017

————————————

*Military Judge:* Vance H. Spath (sitting alone)

*Approved sentence:* Bad-conduct discharge, confinement for 75 days, forfeiture of $1,000.00 pay per month for four months, and reduction to E-1. Sentence adjudged 16 July 2015 by SpCM convened at Seymour Johnson Air Force Base, North Carolina.

*For Appellant:* Major Lauren A. Shure, USAF, and Captain Patricia Encarnación-Miranda, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire; and Ms. Morgan L. Herrell (civilian intern).[1]

Before DREW, J. BROWN, and MINK, *Appellate Military Judges*

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

[1] Ms. Herrell was a law student extern with the Air Force Legal Operations Agency and was at all times supervised by attorneys admitted to practice before this court during her participation.

—————————————

J. BROWN, Senior Judge:

At a judge alone special court-martial, Appellant was convicted, consistent with his pleas, of divers use of 3,4-methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, and possession of MDMA, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[2] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 75 days, forfeiture of $1,000.00 pay per month for four months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant asserts two errors: (1) that the staff judge advocate's recommendation (SJAR) contained erroneous advice regarding the convening authority's ability to grant clemency; and (2) that his post-trial confinement conditions warrant relief under this court's Article 66(c), UCMJ, 10 U.S.C. § 866(c), authority to approve only so much of the sentence that, based on the entire record, "should be approved." Finding no relief is warranted on either issue, we affirm the findings and sentence.

## I. BACKGROUND

Appellant used MDMA on nine occasions from approximately 31 December 2013 to 1 March 2015. During this span, he used MDMA with other military members at many different locations. In addition, on 15 April 2015, law enforcement seized two capsules from Appellant's residence that later tested positive for MDMA. This was the basis for the possession of MDMA offense. Appellant pleaded guilty on 16 July 2015. He immediately began his confinement at the Sampson County Detention Center in Clinton, North Carolina—a civilian confinement facility.

The staff judge advocate (SJA), in the SJAR, initially advised the convening authority that, while he did have the authority to provide clemency as to forfeiture of pay and the reduced rank, he did "not have the authority to disapprove, commute or suspend in whole or in part the confinement or punitive discharge." The SJA then recommended that the convening authority approve the sentence as adjudged.

In a 14 August 2015 clemency submission, Appellant's trial defense counsel asserted that, contrary to the SJAR, the convening authority did have the authority to grant clemency as to the confinement portion of the sentence. Trial defense counsel did not, however, assert that the convening authority had the

---

[2] As a condition of the pretrial agreement, prior to arraignment, the Government dismissed an additional specification of using lysergic acid diethylamide (LSD).

authority to set aside the conviction or punitive discharge, as some of Appellant's uses of MDMA occurred prior to 24 June 2014. Furthermore, trial defense counsel complained of Appellant's conditions of confinement and asserted that the conditions were both a basis to grant clemency and constituted cruel and unusual punishment that warranted the convening authority taking action to investigate and correct.[3] Appellant requested that the convening authority consider reducing his confinement.

The Addendum to the SJAR did not reference or comment on either of these alleged errors, and the recommendation to approve the sentence as adjudged remained unchanged. The convening authority did not grant relief in clemency and approved the sentence as adjudged.

After the convening authority's action, Appellant submitted a separate complaint about the conditions of his confinement to the convening authority and reviewing authorities. Members from the Seymour Johnson legal office visited the facility and investigated the conditions. The General Court-Martial Convening Authority concluded that the conditions did not violate Air Force regulations and were not otherwise unlawful.

## II. DISCUSSION

### A. SJAR Errors

Appellant alleges two errors in the SJAR: (1) that the SJA incorrectly stated that the convening authority could not reduce Appellant's confinement and (2) that the SJA did not analyze and offer advice on the conditions of Appellant's confinement in the SJAR Addendum.

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

### 1. Scope of Clemency Authority

The Government concedes, and we agree, that the SJA erred when she advised the convening authority that he was not authorized to reduce the term of confinement. In addition, the SJA presumptively erred when she also advised the convening authority that he was prohibited from setting aside the findings

---

[3] On appeal, Appellant no longer asserts that the conditions constituted cruel and unusual punishment. Instead, he requests relief solely based upon this court's unique authority to approve only that portion of the sentence that "should be approved."

or disapproving the adjudged punitive discharge. Nevertheless, we conclude that any error did not prejudice Appellant.

Failure to timely comment on matters in the SJAR, to include matters attached to it, forfeits the issue unless there is plain error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *Scalo*, 60 M.J. at 436. Under a plain error analysis, the appellant bears the burden of showing: (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of the appellant. *Kho*, 54 M.J. at 65.

For offenses occurring prior to 24 June 2014, a convening authority has the unfettered discretion to set aside findings or reduce adjudged sentences. Article 60(c)(4)(A), UCMJ, 10 U.S.C. §860(c)(4)(A) (2013).[4] For offenses occurring on or after that date, a convening authority's power to grant clemency is significantly reduced. Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A) (2014). Congress clarified a year later that for courts-martial that include a conviction for an offense committed both before and on/after 24 June 2014, the convening authority has the unfettered discretion to grant clemency as provided in the prior version of Article 60. Carl Levin and Howard P. 'Buck' McKeon National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113-291, § 531(g)(2)(A), 128 Stat. 3292, 3365–66 (2014); *see also* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.23.4 (6 June 2013) (as modified by Air Force Guidance Memorandum 2015-01 (30 July 2015)).

Here, Appellant was charged and pleaded guilty to a specification that alleged divers uses of MDMA that occurred both before and after 24 June 2014. The SJA reasoned that, since the specification as alleged covered multiple uses of MDMA through 2015, the misconduct as alleged was not complete until after 24 June 2014. Accordingly, the SJA determined that the prior version of Article 60 did not apply, and she advised the convening authority that he had only limited authority to grant clemency. Appellant's trial defense counsel, while agreeing with the SJA that the new Article 60 applied, disagreed with *how* the new Article 60 applied to the confinement portion of the sentence.

It is not necessary for us to resolve whether the SJA's interpretation was correct, or even if it was not correct, whether it constituted plain error. Appellant must still demonstrate a colorable showing of possible prejudice to prevail on this issue. Whether an appellant was prejudiced by a mistake in the SJAR

---

[4] The convening authority's power under Article 60, UCMJ, 10 U.S.C. § 860, was restricted as part of the National Defense Authorization Act for Fiscal Year 2014 (FY 14 NDAA), Pub. L. No. 113-66, § 1702(b), 127 Stat. 672, 955–57 (2013). Pursuant to section 1702(d)(2), this amendment did not take effect until 24 June 2014, 180 days after the FY 14 NDAA was enacted.

generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988).

The Government was able to demonstrate that any error did not prejudice Appellant. The SJA submitted an affidavit conceding that her advice to the convening authority was incorrect when she advised the convening authority that he did not have the authority to dismiss the findings of guilt, or disapprove, commute, or suspend in whole or in part the confinement or punitive discharge.[5] Regardless, the SJA asserted that even if the convening authority had broader discretion, her recommendation would not have changed and she still would have recommended that he approve the sentence as adjudged.

Most importantly, the convening authority submitted an affidavit stating:

> Even with the knowledge that I may have had the authority to disapprove the findings and the authority to disapprove, commute, or suspend the adjudged sentence in whole or in part, my decision would not have changed. I would not have disapproved the findings of guilt, and I would not have disapproved, commuted, or suspended the adjudged sentence.

As Appellant is unable to demonstrate a colorable showing of prejudice, he cannot prevail on this issue. *See United States v. Smith*, ACM 38845 (A.F. Ct. Crim. App. 7 June 2016) (unpub. op.); *United States v. Gould*, ACM S32275 (A.F. Ct. Crim. App. 24 Feb. 2016) (unpub. op.); *United States v. Collins*, ACM S32242 (A.F. Ct. Crim. App. 18 Aug. 2015) (unpub. op.).

### 2. Failure to Comment on Conditions of Confinement Allegation

Appellant's trial defense counsel also raised the condition of Appellant's post-trial confinement in his clemency submission. In addition to arguing that Appellant's confinement conditions were a reason for the convening authority to grant clemency, they asserted that the conditions of confinement were also a violation of the Eighth Amendment[6] and Article 55, UCMJ, 10 U.S.C. § 855. The SJA, in the Addendum to the SJAR, did not address this alleged legal error. While this omission was error, Appellant was not prejudiced.

R.C.M. 1106(d) requires the SJAR to comment on any allegation of legal error raised in clemency. When an accused asserts legal error in his post-trial

---

[5] It does not appear, however, that the Government concedes this point in this case, and it is not necessary for us to resolve it in this opinion.

[6] U.S. CONST. amend. VIII.

submissions, the SJAR must, at a minimum, include "a statement of agreement or disagreement with the matter raised by the accused." R.C.M. 1106(d)(4).

Distinguished from their role in clemency, the role of the convening authority with respect to defense claims of legal error "is less pivotal to an accused's ultimate interests." *United States v. Hamilton*, 47 M.J. 32, 35 (C.A.A.F. 1997). The convening authority can, and should in the interest of fairness and efficiency of the system, remedy legal error. The convening authority is not, however, required to do so. *Id.* The failure to address a defense claim of legal error in an addendum to an SJAR can be remedied through appellate litigation of the claimed error. *Id.* Consequently, it is appropriate for this court to consider whether any prejudice may have resulted from the failure to address the defense claims of legal error. *United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996). An appellate finding that those alleged errors have no merit precludes a finding that the SJA's advice prejudiced the appellant. *Hamilton*, 47 M.J. at 36; *Scalo*, 60 M.J. at 436.

Appellant does not argue how he was prejudiced by the omission of this purported legal error, and though Appellant could renew on appeal his assertion that the conditions constituted a violation of the Eight Amendment and Article 55, he chose not to do so.[7] Furthermore, in addition to the alleged legal error, it was clear from the clemency submission that the convening authority should also consider Appellant's conditions of post-trial confinement generally in determining whether to grant clemency and whether to initiate an investigation into those conditions. Consequently, Appellant is unable to demonstrate

---

[7] Both the Eighth Amendment and Article 55, UCMJ, 10 U.S.C. § 855, prohibit cruel and unusual punishment. In general, we apply "the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, except in circumstances where . . . legislative intent to provide greater protections under [Article 55, UCMJ,]" is apparent. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citing *United States v. Wappler*, 9 C.M.R. 23, 26 (C.M.A. 1953)). "[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). A violation of the Eighth Amendment is shown by demonstrating: "(1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [the appellant's] health and safety; and (3) 'that [the appellant] has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938.'" *Id.* (quotation marks and footnotes omitted). Applying these standards de novo, *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001), we find no Eighth Amendment or Article 55 violation.

that the SJA's error in failing to address this purported error prejudiced Appellant.

### B. Post-trial Confinement Conditions

At the close of Appellant's trial, he entered confinement at the Sampson County Detention Center in Clinton, North Carolina. As we previously noted, Appellant does not contend that the conditions of his post-trial confinement amounted to cruel or unusual punishment in violation of the Eighth Amendment or Article 55. Instead, Appellant alleges that the conditions of his confinement were so egregious as to warrant sentence relief under Article 66(c). *See United States v. Gay*, 74 M.J. 736 (A.F. Ct. Crim. App. 2015) (providing sentence relief for post-trial confinement conditions that did not constitute a violation of either the Constitution of the United States or Article 55).

In a sworn declaration, Appellant states that he was kept in an area of the detention center that was used exclusively for Air Force prisoners; he was only permitted to leave the cell for recreation time or for showers; he was not given any recreation time for the first 25 days, and thereafter only two hours per week; and he was only allowed to shower twice per week. He also told his trial defense counsel, as reflected in his trial defense counsel's affidavit, that once he figured out how to submit requests for extra showers and phone calls, things got progressively better. Appellant also submitted an affidavit reflecting his counsel's telephonic discussion with Sergeant BS from the detention center who clarified that Air Force prisoners are housed in the same unit used for prisoners in protective custody, they receive the same treatment as those in protective custody, Air Force members neither reside nor interact with prisoners in the general population, and the cell size is the same as general population prisoners. Sergeant BS also told Appellant's counsel that while it is hypothetically possible for the detention center to maintain a general population-type pod where there were no foreign nationals, it would take some work.

In response, the Government submitted an affidavit from the representative from the Seymour Johnson legal office who investigated Appellant's complaints about the conditions of confinement. The inmates in that housing area shower twice weekly, though Air Force prisoners are permitted to request showers more frequently. Recreation time is normally done in conjunction with each time they shower. Air Force confinees may also request additional phone calls. The conditions of confinement for Appellant were less restrictive than the conditions for those who are in solitary confinement as those inmates are not granted showers, recreational time, and phone calls at the frequency permitted for Air Force prisoners. The Government also provided this court the inmate handbook, photographs from the detention facility, and the inmate log book.

In *Gay*, the case that Appellant cites to as support for relief, this court employed its Article 66(c) authority to grant the appellant sentencing relief even in the absence of cruel or unusual punishment in violation of the Eighth Amendment and Article 55. 74 M.J. at 742. In reviewing that decision, our superior court held that, based on the unique facts of that case, this court did not abuse its discretion in doing so. *United States v. Gay*, 75 M.J. 264, 269 (C.A.A.F. 2016). However, our superior court also noted that *Gay* involved unique facts driven by legal errors in the post-trial process that included both a violation of the appellant's rights under Article 12, UCMJ, 10 U.S.C. § 812, and the ordering of solitary confinement by an Air Force official where an alternative solution was available. *Id*. Significantly, our superior court emphasized, "In reaching this conclusion, we do not recognize unlimited authority of the Courts of Criminal Appeals to grant sentence appropriateness relief for any conditions of post-trial confinement of which they disapprove." *Id*.

We anticipate that only in very rare circumstances will this court exercise our Article 66(c) authority to grant sentence relief based upon conditions of post-trial confinement when we have found no violation of the Eighth Amendment or Article 55. *United States v. Garcia*, No. ACM 38814 (A.F. Ct. Crim. App. 16 Aug. 2016) (unpub. op.); *cf. United States v. Nerad*, 69 M.J. 138, 145–47 (C.A.A.F. 2010) (holding that despite our significant discretion in reviewing the appropriateness of a sentence, this court may not engage in acts of clemency.) This case does not present such a rare circumstance. We elect not to grant relief under our Article 66(c) authority.

After reviewing all of the submitted matters, we are not persuaded that the conditions of Appellant's post-trial confinement rise to the level of being so oppressive or disgraceful as to warrant sentence relief. There is no evidence he was subjected to physical or mental abuse, singled out for unusual treatment, denied necessary medical attention, or refused any other necessity. Despite Appellant's characterizations, circumstances of his confinement do not appear to involve the extreme segregation often associated with solitary confinement. Nor is there evidence the conditions of his confinement impacted his access to counsel or any other post-trial due process right. Additionally, his allegations were thoroughly investigated by the reviewing authorities and resolved against him. Therefore, we find the extraordinary use of our Article 66(c) power to grant sentence relief is not warranted.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court