# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32377

————————————

### UNITED STATES
*Appellee*

**v.**

### James R. STORTZ
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 April 2017

————————————

*Military Judge:* Matthew P. Stoffel.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, and reduction to the grade of E-1. Sentence adjudged 17 December 2015 by SpCM convened at Joint Base Elmendorf-Richardson, Alaska.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major J. Ronald Steelman III, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, and C. BROWN, *Appellate Military Judges*

Judge C. BROWN delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge HARDING joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

C. BROWN, Judge:

At a special court-martial in front of a military judge sitting alone, Appellant was convicted, consistent with his pleas, of one charge with two specifications of divers wrongful use and divers introduction of Oxycodone, a Schedule II substance, in violation of Article 112a, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority (CA) approved confinement for four months and the remainder of the sentence as adjudged.

On appeal, Appellant raises two assignments of error: (1) Appellant is entitled to sentence appropriateness relief resulting from his post-trial confinement conditions under Article 66(c), UCMJ, 10 U.S.C. §§ 866(c); and (2) The staff judge advocate (SJA) committed prejudicial legal error by failing to accurately advise the CA that Appellant alleged legal error in his submission of clemency matters. Finding no relief is warranted, we affirm the findings and sentence.

## I. BACKGROUND

Appellant used Oxycodone on more than 20 occasions, primarily at the on-base residence of two fellow Airmen where he resided for a period of time. Appellant either crushed up a generic pill of Percocet (Oxycodone) and snorted it or mixed the crushed pill with water on a spoon, applied heat to the mixture and then injected the mixture into his arm. Appellant taught one of the Airmen who resided in the on-base house how to inject herself with the drug. Appellant also brought the drug onto Joint Base Elmendorf-Richardson (JBER) on five different occasions to use it in on-base housing or in the dormitory where he also resided at times.

## II. DISCUSSION

### A. Appellant's Post-trial Confinement Conditions

After his trial, Appellant was confined at the Anchorage Correctional Complex (ACC). In his clemency submission, Appellant stated he was placed in solitary confinement in an area comprised primarily of violent offenders who were either a risk to kill themselves or a risk to kill others. He claimed he spent 23 hours a day in isolation, and was only allowed to leave daily to shower, make a 15-minute phone call if phones were available, and was not provided recreational time as required. He experienced a two-day delay in receiving prescription medications during which time he experienced severe panic attacks, and finally, he was unable to obtain shampoo for three weeks resulting in sores developing on his head. Appellant's clemency submission alleged the confinement conditions he experienced were potentially cruel or unusual punishment in violation of the Eighth Amendment[1] and Arti-

---

[1] U.S. CONST. amend. VIII.

cle 55, UCMJ, 10 U.S.C. § 855, or at a minimum, a regulatory infraction. However, on appeal, he asks this court to examine his treatment in civilian confinement "through the lens of sentence appropriateness," citing *United States v. Fields*, 74 M.J. 619, 623 (A.F. Ct. Crim. App. 2014) (citing *United States v. Gerke*, 21 M.J. 300 (C.M.A. 1985), *United States v. McPherson*, 72 M.J. 862, 872 (A.F. Ct. Crim. App. 2013)).[2] Appellant requests we exercise our authority under Article 66(c), UCMJ, to grant sentence appropriateness relief "in the interest of justice."

In response to Appellant's allegations about his treatment at the ACC, the Government obtained affidavits from SSgt CP, the Noncommissioned Officer in Charge of confinement at JBER, and the trial counsel in Appellant's case, Major BC. SSgt CP states he visited Appellant in confinement periodically, including multiple times before Appellant voiced his concerns about his confinement conditions in clemency. SSgt CP reports he asked Appellant numerous times if there was anything he could do for Appellant, but Appellant never voiced any complaints to him or made any requests for assistance from him. SSgt CP notes that Appellant was housed in administrative segregation for 28 days, well past the normal one to three days of administrative segregation required by Air Force Instruction, but states Appellant's administrative segregation was due to a lack to space in the general population area of the facility as opposed to some form punishment.

---

[2] Both the Eighth Amendment and Article 55, UCMJ, 10 U.S.C. § 855, prohibit cruel and unusual punishment. In general, we apply "the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, [UCMJ,] except in circumstances where . . . legislative intent to provide greater protections under [Article 55, UCMJ,]" is apparent. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citing *United States v. Wappler*, 9 C.M.R. 23, 26 (C.M.A. 1953)). "[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). A violation of the Eighth Amendment is shown by demonstrating: "(1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [the appellant's] health and safety; and (3) 'that [the appellant] has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938.'" *Id.* (footnotes omitted). Applying these standards de novo, *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001), we find no Eighth Amendment or Article 55 violation.

SSgt CP also asserted that Appellant was housed in "B Mod," where the ACC keeps administratively separated confines—not violent offenders as alleged by Appellant—and that the law library, phone calls, recreation time and showers are available daily to Air Force confinees upon request. During his initial in-processing at ACC, Appellant was briefed on the rules and regulations of the facility as well as instructed on the procedures to request items such as shampoo and how to route complaints through appropriate department of corrections channels. Appellant, like other Air Force confinees, would have been eligible for rehabilitation classes; however, class space is limited and due to their relatively short sentences to confinement, Air Force confinees generally are unable to attend these classes. SSgt CP asked Appellant multiple times if he would like to request any mental health services from on-base agencies and Appellant refused on each occasion.

SSgt CP further stated that the ACC has a fully operational, round-the-clock medical facility, permanently staffed by certified nurses, and also employing doctors and mental health, dental and optometry technicians. All medications must be approved and prescribed by ACC medical personnel to be given inside of their facility. Depending on the size of the prison population at any given time, there may be a delay in receiving prescription medication. Major BC stated that outside of Appellant's clemency request, the legal office had no record of Appellant raising complaints or requesting additional relief due to his post-trial confinement conditions, including complaints under Article 138, UCMJ.

This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ. Before making this determination, we must first assess whether we should remand this case for a post-trial fact-finding hearing. In *United States v. Fagan*, 59 M.J. 238, 241–42 (C.A.A.F. 2004), our superior court determined that the framework of *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), guides our determination of whether a post-trial fact-finding hearing is necessary to resolve a claim based on the conditions of post-trial punishment. We apply the following principles, originally set forth to deal with post-trial claims of ineffective assistance of counsel, to determine whether we are able to resolve Appellant's issue based upon post-trial declarations submitted by the parties, or in the alternative, whether a post-trial fact-finding hearing is required:

> First, if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis.

> Second, if the affidavit does not set forth specific facts but consists instead of speculative or conclusory observations, the claim may be rejected on that basis.
>
> Third, if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of those uncontroverted facts.
>
> Fourth, if the affidavit is factually adequate on its face but the appellate filings and the record as a whole "compellingly demonstrate" the improbability of those facts, the court may discount those factual assertions and decide the legal issue.
>
> Fifth, when an appellate claim of ineffective representation contradicts a matter that is within the record of a guilty plea, an appellate court may decide the issue on the basis of the appellate file and record (including the admissions made in the plea inquiry at trial and appellant's expression of satisfaction with counsel at trial) unless the appellant sets forth facts that would rationally explain why he would have made such statements at trial but not upon appeal.
>
> Sixth, the Court of Criminal Appeals is required to order a fact[-]finding hearing only when the above-stated circumstances are not met. In such circumstances the court must remand the case to the trial level for a *DuBay* proceeding. During appellate review of the *DuBay* proceeding, the court may exercise its Article 66 fact[-]finding power and decide the legal issue.

*Ginn*, 47 M.J. at 248; *see also United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967).

Applying this framework, we find it unnecessary to remand this case for additional fact-finding. Appellant's account of his confinement conditions, as described in his clemency submission, are consistent with SSgt CP's declaration concerning Appellant's treatment. To the extent there are differences between Appellant's and the Government's accounts, our resolution of those discrepancies in Appellant's favor would not result in granting Appellant relief.

Turning to the merits of Appellant's claim, this court may employ its Article 66(c) authority to grant sentencing relief even in the absence of cruel or unusual punishment in violation of the Eighth Amendment and Article 55. *Gay*, 74 M.J. at 742. In reviewing our decision in *Gay* to use this authority, our superior court held that this court did not abuse its discretion in doing so, based on the facts of that case. *United States v. Gay*, 75 M.J. 264, 269 (C.A.A.F. 2016).

However, our superior court noted that *Gay* involved unique facts driven by legal errors in the post-trial process that included both a violation of the appellant's rights under Article 12, UCMJ, 10 U.S.C. § 812, and the ordering of solitary confinement by an Air Force official where an alternative solution was available. *Id.* Significantly, our superior court emphasized, "In reaching this conclusion, we do not recognize unlimited authority of the Courts of Criminal Appeals to grant sentence appropriateness relief for any conditions of post-trial confinement of which they disapprove." *Id.* Given these parameters, we have previously noted we will likely only exercise our Article 66(c) authority to grant sentence relief based upon conditions of post-trial confinement in very rare circumstances. *See United States v. Milner*, No. ACM S32338, 2017 CCA LEXIS 84 (A.F. Ct. Crim. App. 7 Feb. 2017) (unpub. op.); *cf. United States v. Nerad*, 69 M.J. 138, 145–47 (C.A.A.F. 2010) (holding that despite our significant discretion in reviewing the appropriateness of a sentence, this court may not engage in acts of clemency).

The conditions of Appellant's confinement and those described in *Gay* were similar in that both cases involved a military prisoner held in isolation at a civilian confinement facility. *See Gay*, 74 M.J. at 739. However, the propriety of Article 66(c) sentence relief for a particular appellant is a fact-specific determination, and there are important differences between Gay's and Appellant's treatment. In *Gay*, the civilian confinement facility had an existing process to avoid housing military confinees with foreign nationals that did not require solitary confinement, but for reasons that are unclear, an Air Force official specifically requested that Gay be placed in solitary confinement. *Id.* at 739, 743. When representatives from Gay's squadron, alarmed at his conditions, requested that Gay be removed from solitary confinement, the civilian facility readily acceded to that request. *Id.* That is not the case for Appellant, as he was housed in administrative segregation due to a lack of space in general population and was moved out of administrative segregation as soon as space became available.

Additionally, unlike Gay, Appellant did not complain about his confinement conditions using either Article 138, UCMJ, or facility grievance procedures available to him. *See id.* at 738-42. Outside of his clemency package, Appellant does not assert, and there is no other evidence, that he made additional complaints. Our superior court has emphasized, "A prisoner must seek administrative relief prior to invoking judicial intervention to redress concerns regarding post-trial confinement conditions." *United States v. Wise*, 64 M.J. 468, 469 (C.A.A.F. 2007). This requirement "promot[es] resolution of grievances at the lowest possible level [and ensures] that an adequate record has been developed [to aid appellate review]." *Id.* at 471 (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)). An appellant must show that "absent some unusual or egregious circumstance . . . he has exhausted the prisoner-grievance

system [in his detention facility] and that he has petitioned for relief under Article 138." *Id.* (quoting *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001)).

Finally, the particular conditions of Appellant's post-trial confinement are not so oppressive or disgraceful as to warrant sentence relief. Appellant was given the same treatment and housed in the same conditions as other inmates requiring administrative segregation from the general population. There is no evidence he was subjected to physical or mental abuse, singled out for unusual treatment, or refused other necessities. While Appellant did experience a delay in receiving prescription medication, this was not a punitive measure, but rather a function of ACC rules where all medications had to be prescribed by on-site doctors after a medical evaluation. There is no evidence the conditions of his confinement impacted his access to counsel or any other post-trial due process right. Therefore, we find the extraordinary use of our Article 66(c) power to grant sentence relief is not warranted in this case.

## B. The Addendum to the Staff Judge Advocate's Recommendation (SJAR)

After Appellant received the SJAR, both he and his trial defense counsel raised his post-trial confinement conditions in his clemency submission, stating the conditions bordered on "cruel or unusual punishment" and were in violation of standards owed to incarcerated Airmen pursuant to Air Force Instruction 31-105, *Air Force Corrections System*. The addendum to the SJAR did not specifically address Appellant's post-trial confinement conditions as legal error and instead stated the SJA had reviewed the clemency matters submitted by the defense and that the SJA's earlier recommendation remained unchanged.[3] Appellant avers he was prejudiced by the SJA's failure to address this "legal error" and asks the court to grant "sentence appropriateness relief," or in the alternative, set aside the action and remand the case for new post-trial processing.

The proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted)). "Absent defense waiver or forfeiture [ ], erroneous advice on substantial matters of fact or law will invalidate the action when the error prejudices the accused." *United States v. Kerwin*, 46 M.J. 588, 590 (A.F. Ct. Crim. App. 1996) (citations omitted). To establish prejudice due

---

[3] The SJAR properly advised the CA of the terms of the PTA and recommended approving confinement for four months and the remainder of the sentence as adjudged.

to errors impacting an appellant's request for clemency from the CA, the appellant must make "some colorable showing of possible prejudice . . . ." *LeBlanc*, 74 M.J. at 660 (citing *United States v. Scalo,* 60 M.J. 435, 437 (C.A.A.F. 2005)).

Rule for Courts-Martial (R.C.M.) 1106 requires the Government to prepare an SJAR in general courts-martial and special courts-martial that include a sentence to a bad-conduct discharge or confinement for a year. When an accused raises legal error in matters to the CA, the SJA shall provide the CA an opinion as to whether corrective action should be taken on the findings or sentence. The response may consist of a statement of agreement or disagreement with the matter raised by the accused but an analysis or rationale for the SJA's statement, if any, concerning the legal error is not required. R.C.M. 1106(d)(4).

Appellant's clemency submission arguably raised a legal error with respect to the conditions of his post-trial confinement when he indicated his treatment was akin to cruel or unusual punishment, potentially in violation of the Eighth Amendment and Article 55, UCMJ. We nonetheless find no prejudicial error.

First, while not specifically addressing the asserted legal error, the addendum advised the CA that he must consider Appellant's clemency submission attached to the document, that the SJA had reviewed the clemency matters, and that the recommendations expressed in the SJAR were unchanged. In *United States v. Catrett*, 55 M.J. 400, 409 (C.A.A.F 2001), the United States Court of Appeals for the Armed Forces (CAAF) found that the following similarly vague statements in an addendum satisfied the minimal response requirement of R.C.M. 1106(d)(4): "The matters submitted by the defense are attached to this Addendum and are hereby incorporated by reference. Nothing contained in the defense submissions warrants further modification of the opinions and recommendations expressed in the Staff Judge Advocate's Recommendations."

Second, having found the purported legal error without merit, we find no colorable showing of possible prejudice for the SJA's failure to specifically mention it. *United States v. Hamilton,* 47 M.J. 32 (C.A.A.F. 1997); *United States v. Welker*, 44 M.J. 85 (C.A.A.F. 1996); *United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988) ("We are not required to give an accused the benefit of any possibility that the staff judge advocate might mistakenly have attributed merit to an allegation of legal error that had no merit and that, in turn, the convening authority might have taken action favorable to the accused.")

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.


FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court